### MAURICE O'CONNELL *vs.* THOMAS E. HOVEY & another.

Suffolk. Nov. 18, 1878. — Feb. 26, 1879. COLT & MORTON, JJ., absent.

In an action on a recognizance entered into under the Gen. Sts. c. 124, § 10, the declaration alleged that A. was arrested on an execution in favor of B., and entered into the recognizance declared on; that, within the thirty days, he was examined by B., who filed charges of fraud against him; that, without pleading to the charges, he requested a continuance of the case that he might, in the mean time, have an opportunity of paying the debt, to which B. assented; that, at the request of A., the case was continued from time to time during a period of more than three years, for the same purpose; that during this period he did not submit himself to be further examined, nor did he plead to the charges against him, but at each continuance promised to pay the debt within the time for which the case was continued; and that, on a certain day, to which the case had been continued, he presented himself before the magistrate, B. not being present, having no notice that A. intended to then take the oath for the relief of poor debtors, and had the oath administered to him, and obtained his discharge. *Held*, on demurrer, that there was no breach of the recognizance.

CONTRACT on a recognizance entered into on April 30, 1873, under the Gen. Sts. c. 124, § 10, by the first-named defendant as principal, and the other as surety, and containing the usual conditions.

The declaration alleged that Hovey was arrested on an execu-

tion duly issued on a judgment in favor of the plaintiff, and entered into the recognizance declared on; that Hovey, within the thirty days, the plaintiff having been notified of the time and place, presented himself for examination before a magistrate; that on his examination, it being disclosed that since his arrest, and before, since the debt to the plaintiff was contracted, he had squandered and misused his property, the plaintiff thereupon filed charges of fraud against Hovey; that the latter, without pleading to the charges, requested an adjournment and continuance of the case, that he might, in the mean time, have an opportunity of paying the debt, to which the plaintiff assented; that, at the request of Hovey, from time to time, and at each time made before the magistrate, the matter was continued during a period of three and one half years, and always to give Hovey opportunity and time to pay the debt, which at each continuance he promised to pay; that at no time during this period did Hovey submit himself to be examined, or signify his intention of being further examined, nor did he, in the mean time, plead to the charges of fraud filed against him, but at each continuance promised to pay the debt within the time for which the case was continued; that on a day in December 1876, to which day the case had been continued, Hovey presented himself before the magistrate, the plaintiff not being present, having no notice of Hovey's intention of then taking the oath for the relief of poor debtors, and had the oath administered to him, and was thereupon discharged by the magistrate; that this action and conduct of Hovey was intended to mislead and defraud the plaintiff, and was in bad faith; that his discharge was a fraud on the plaintiff, and invalid; that the above action and conduct of Hovey constituted a breach of the recognizance, and was a default; and that the defendants had, by the default and fraud of Hovey, forfeited to the plaintiff the amount conditioned in the recognizance, and owed the plaintiff said amount.

The defendants demurred to the declaration, assigning as cause of demurrer, that it did not set forth a legal cause of action. The Superior Court sustained the demurrer; and ordered judgment for the defendants. The plaintiff appealed to this court.

*A. Russ*, for the plaintiff.

*H. H. Mather*, for the defendants.

SOULE, J. The plaintiff's declaration shows that all the proceedings after the recognizance was taken, and the notice of Hovey's intention to take the oath was given, were had with the knowledge and consent of the plaintiff, down to and including the adjournment of the proceedings to the day when the oath was administered. If a strict compliance with the statute required, as the plaintiff contends, that Hovey should at once plead to the charges of fraud filed, his failure to do so cannot be availed of by the plaintiff, because he alleges that the several continuances were made before Hovey pleaded, with his consent. On the day when the oath was administered the case stood thus: The plaintiff had examined the debtor so far as he saw fit to, and had filed charges of fraud which he had permitted to lie without plea for three years and more. At the time and place to which the hearing was adjourned, the debtor appeared, but the plaintiff did not. This was an abandonment of his charges, and of all opposition to the discharge of the debtor. The allegations of the declaration as to the promises of the debtor to pay the execution do not change the legal aspect of the case. And nothing is alleged which indicates any reason why the magistrate should not have decided that the plaintiff was in default. Nor is it alleged that the debtor said or did anything which was designed to induce or did induce the plaintiff to absent himself from the hearing.

The material allegations of the declaration fail to set out any breach of the recognizance. If it would have been more regular for the magistrate to require a plea to the charges of fraud, and to make a finding upon them, before administering the oath, the irregularity was one for which the debtor was not responsible. *Willis* v. *Howard*, 7 Allen, 266.                    *Judgment affirmed.*