### S. W. LONGLEY *vs.* TRUMAN CLEAVLAND.

Hampshire.    Sept. 20, 1881. — Sept. 7, 1882.    LORD, DEVENS & C. ALLEN, JJ., absent.

If a magistrate, before whom a hearing, upon the application of a person to take the oath for the relief of poor debtors, is appointed, adjudges the creditor in default upon his failure to appear, he has no further jurisdiction except to discharge the debtor, and cannot proceed to administer the oath and to render a judgment upon charges of fraud filed against the debtor, under the Gen. Sts. c. 124, § 31; and no appeal lies to the Superior Court by the creditor from such judgment.

CHARGES OF FRAUD, filed under the Gen. Sts. *c.* 124, § 31, upon the defendant's application to be admitted to take the oath for the relief of poor debtors. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict of guilty on the first charge, and not guilty on the second charge; and the defendant alleged exceptions. The facts appear in the opinion.

*S. S. Taft*, for the defendant.

*W. G. Bassett*, for the plaintiff.

FIELD, J. It appears by the record of the magistrate, that Truman Cleavland, the debtor, entered into a recognizance with sureties for his appearance on June 7, 1879, at nine o'clock in the forenoon, at the office of the magistrate in Enfield; and that due notice was served on the creditor that the debtor desired to take the oath for the relief of poor debtors at that time and place, "at which time the said Truman Cleavland appeared and was in attendance a full hour, at the expiration of which hour the said Longley, not appearing, was declared in default; before the oath was administered to said Cleavland, Longley came into

court and requested that the default should be taken off, but it was decided adversely, and the oath for the relief of poor debtors was duly administered to said Cleavland, and the said Cleavland by reason of such default of prosecution adjudged not guilty of the charges of fraud, from which decision the said S. W. Longley appeals to the Superior Court," &c.

In the Superior Court, " the defendant moved to dismiss the appeal, because it appears by the record of the magistrate that no hearing had been had on said charges of fraud before him, and because no appeal lies from the judgment of the magistrate in this case under the provisions of the statute, which was refused."

The Gen. Sts. *c.* 124, § 48, provide, among other things, that " if the plaintiff or creditor, or some one in their behalf, shall not attend the examination, the defendant or debtor shall, without examination and without payment of any fees, be discharged from arrest or imprisonment, and shall be ·forever exempt from arrest on the same execution or any process founded on the judgment; and a certificate of such discharge under the hand of the magistrate shall be annexed to the writ or execution," &c.

This contemplates a discharge without an examination, and without the administration of the oath, pursuant to §§ 21, 22. A failure to appear by the creditor or his attorney, or by some one in his behalf, would be a discontinuance of the proceedings. *Phelps* v. *Davis*, 6 Allen, 287. It must be considered an abandonment of the charges, and of all opposition to the discharge of the debtor. *O' Connell* v. *Hovey,* 126 Mass. 310.

When charges of fraud are made, " the charges shall be considered in the nature of a suit at law, to which the defendant or debtor may plead that he is guilty or not guilty, and the magistrate may thereupon hear and determine the same." § 31. By § 32, " when the hearing is had on the charges of fraud mentioned in the preceding section, and judgment is rendered thereon by the magistrate, either party may appeal to the Superior Court, in like manner as from the judgment of a justice of the peace in civil actions," &c.

This in terms gives an appeal only when a hearing is had and judgment is rendered on the charges of fraud, and such we think is the intention of the statute.

The right to appeal from a judgment of nonsuit rendered by a justice of the peace in a civil action rests upon the peculiar provisions of statute. *Ball* v. *Burke*, 11 Cush. 80. *Holman* v. *Sigourney*, 11 Met. 436. Gen. Sts. *c.* 120, § 25.

If the creditor fails to appear, neither an examination of the debtor in regard to his property nor a hearing on the charges of fraud is had, and no judgment of the magistrate that the debtor is or is not entitled to take the oath, or that he is or is not guilty of the charges of fraud, is rendered, but the debtor is discharged from arrest or imprisonment, because the creditor has not attended and has abandoned the proceedings.

The proceedings of the magistrate after the expiration of the hour, and after adjudging that the creditor was in default, in administering the oath and adjudging the debtor not guilty of the charges by reason of such default, were irregular and unauthorized, but cannot prejudice the debtor. After the hour had elapsed and the plaintiff had been adjudged in default for not appearing, the magistrate had no jurisdiction except to discharge the debtor, and could not enter a judgment on the charges of fraud. *Sweetser* v. *Eaton*, 14 Allen, 157.

*Exceptions sustained.*