JEANNETTE POWELL, administratrix, *vs.* JOB A. TURNER.

Suffolk. Jan. 16. — March 2, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

The parties to an action pending in the Municipal Court of the city of Boston agreed that the action might be discontinued without costs to the plaintiff, and judgment was entered accordingly. After the adjournment of that court without day, but within the time allowed for an appeal, the plaintiff presented to a judge of that court a paper repudiating the agreement, on the ground that it was obtained by fraud, and claimed an appeal to the Superior Court. The judge permitted the paper to be filed, and allowed the appeal; and the case was entered in the Superior Court. *Held*, that that court had jurisdiction of the appeal.

MORTON, C. J. This being a *scire facias* against a trustee, the Superior Court had authority to enter, as it did, a judgment for costs in favor of the plaintiff, if the case was properly pending in that court. Pub. Sts. *c.* 183, §§ 81–83.

The case was begun in the Municipal Court of the city of Boston; in that court an agreement, signed by the parties, that the case might be discontinued without costs to the plaintiff, was filed, and thereupon a judgment was entered that the case was " discontinued, without costs to plaintiff, by written agreement." Within the time prescribed by statute, the plaintiff claimed an appeal. She presented to the judge of the Municipal Court a paper repudiating the agreement, on the ground that it was obtained by fraud, and claimed an appeal. The judge permitted this paper to be filed as of a time prior to the entry of the judgment of discontinuance, and allowed her appeal. A proper bond to prosecute the appeal was filed, and the case was duly entered in the Superior Court, and there fully heard upon the merits, without objection by the defendant.

By our statutes, any party aggrieved by a judgment of the Municipal Court of Boston has the right to appeal to the Superior Court. If a judgment is rendered against a party by his consent, he cannot be said to be aggrieved. *Volenti non fit injuria.* But if rendered without his consent, he has the right of appeal. If the Municipal Court had entered a judgment of discontinuance upon the faith of a forged agreement, there is no doubt that the plaintiff could appeal.

If the agreement upon which the court acted was obtained by fraud practised on the plaintiff, she had the right, upon discovery of the fraud, to treat the agreement as void *ab initio.* If she had discovered the fraud before the adjournment without day of that court, she could have repudiated the agreement, and insisted upon a trial of its validity in that court, with the right of appeal if the decision was adverse to her. Having discovered it after the adjournment of the court, but before the time limiting her right of appeal had expired, we see no objection to allowing her appeal. Until that time expires, the case is pending, and has not passed to a final judgment which excludes further consideration of it. An appeal is her only adequate remedy, and there is no hardship on the defendant, for the whole case goes to the Superior Court, and he can there try the question of the validity of the agreement, if he desires to do so.

We are of opinion that, under the circumstances of this case, the plaintiff had the right of appeal, and that the Superior Court had jurisdiction of the case.                    *Judgment affirmed.*

*W. E. L. Dillaway,* for the defendant.

*C. Abbott,* for the plaintiff.