ALBERT H. EMERY *vs.* FREDERICK H. SEAVEY.

Suffolk. March 2. — May 7, 1887. FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

After an action had been tried in a municipal court upon the merits, and a finding
made for the plaintiff in damages, it was continued for judgment to await the
disposition of another action. After the disposition of that action, the plaintiff
filed a motion "to have judgment entered in the above-entitled action," on
which was indorsed, signed by the defendant's attorney, "It is agreed that this
motion may be filed and allowed." Judgment was entered, and the defendant
appealed to the Superior Court. In that court, the plaintiff moved that the
appeal be dismissed, on the ground that the judgment appealed from was ren-
dered by the defendant's consent. The court dismissed the appeal. *Held*, that
the judgment of the municipal court was not such a judgment by the consent of
the defendant that he was not aggrieved by it and could not appeal from it.

W. ALLEN, J. After a trial in a municipal court on the
merits of an action of tort, and a finding for the plaintiff in
damages, the case was continued for judgment to await the dis-
position of another action. After the disposition of that action,
the plaintiff filed the following motion : " And now comes the
plaintiff and moves to have judgment entered in the above-en-
titled action." On this motion was indorsed the words, " It is
agreed that this motion may be filed and allowed," signed by
the defendant's attorney. Judgment was entered, and the defend-
ant appealed to the Superior Court. In that court, the plain-
tiff moved that the appeal be dismissed, on the ground that the
judgment appealed from was rendered by consent of the de-
fendant. The court dismissed the appeal, and the defendant
excepted. See *Powell* v. *Turner*, 139 Mass. 97 ; *Doole* v. *Doole*,
*ante*, 278.

The judgment of the municipal court was not a judgment by
the consent of the defendant, such as to show that he was not
aggrieved by it, and could not appeal from it. It was not
founded upon his consent, but upon the adverse finding of the
court. The case was contested by him through the trial and the
finding of the court, and was ripe for judgment, and the plaintiff
was entitled, on motion, to have the judgment entered without
the consent of the defendant. The plaintiff did not ask that a
judgment founded on his motion should be rendered, but his

motion was, in effect, that, in accordance with the order of the court, judgment on the finding should now be entered. His motion did not relate to the substance of the judgment, but only to the time of its entry; and the defendant's agreement that the motion might be allowed only recognized and submitted to the unquestionable right of the plaintiff that the entry should be then made. If the defendant had appeared to the motion, and stated in open court that it was true that the other suit was disposed of, and that he had no objection to make to the allow-ance of the motion, he would as much have consented to the judgment as he did by agreeing that the motion might be filed and allowed. Objection to the motion would have been frivo-lous, and consent to it was immaterial. The defendant was aggrieved by the judgment, and his appeal is from that, and not from the allowance of the motion; and no question relating to the time of the entry of the judgment is brought up by the appeal.                                              *Exceptions sustained.*

*H. J. Edwards*, for the defendant.

*B. C. Moulton*, for the plaintiff.