BEATRICE M. PRESTON *vs.* THOMAS A. HENSHAW & another.

Suffolk. March 15, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Appeal.

Under R. L. c. 173, § 97, the right of appeal to the Superior Court from a judgment of a police, district or municipal court or trial justice in a civil action includes an appeal from a judgment rendered on an agreement in writing signed by the parties or their attorneys, and, if the validity of the agreement is called in question by one of the parties in whose behalf it is signed, he has a right to have his case considered and determined in the Superior Court.

Against the oral objection of the plaintiff in person an agreement of counsel was filed in a case in a municipal court that the entry might be made of " Judgment for the plaintiff in the sum of $75 without costs and judgment satisfied." After

a hearing, in which the plaintiff was represented by new counsel, an entry was made of "Judgment for plaintiff for $75 without costs by agreement," and another entry was made of "Judgment satisfied." The plaintiff appealed to the Superior Court. *Held*, that under R. L. c. 173, § 97, the plaintiff had the right to appeal from the judgment, and on such appeal could show that the agreement for judgment was made without authority from him, and that he was entitled to a larger sum than the amount named; *held also*, that the entry "Judgment satisfied" was not a part of the judgment and had no effect on the plaintiff's right of appeal.

TORT for personal injuries from a fall on a sidewalk on Garden Street in Boston caused by ice formed thereon by reason of the alleged negligence of the defendants in allowing water to come upon the sidewalk from a spout or conductor leading from a building owned and controlled by them. Writ in the Municipal Court of the City of Boston dated March 24, 1904.

In the municipal court judgment was entered for the plaintiff in the sum of $75 without costs. The plaintiff appealed. In the Superior Court the defendants moved to dismiss the appeal. That court denied the motion and the defendants appealed.

The certificate of the amended record of the municipal court referred to in the opinion was as follows:

"Commonwealth of Massachusetts.
"Suffolk, ss.

"At the Municipal Court of the City of Boston, holden at said Boston, within the County of Suffolk, for civil business, on the twenty-seventh day of May, in the year of our Lord one thousand nine hundred and four.

Beatrice M. Preston, Plaintiff,

*vs.*

Thomas H. Henshaw et al., Heirs, Defendants,

tort.

"I hereby certify that the above entitled action was duly entered in said Court, on the twenty-third day of April, A. D., 1904.

"Declaration filed time of entry.

"Apr. 27, 1904.    Defts. file Ans.

May 25, 1904.    Agreement for judgment presented to Clerk for filing, and orally objected to by Plff. in person.

May 25, 1904.    Wm. H. Sullivan Esq., appears for Plff.

May 26, 1904.   Agreet filed by leave of Court after hearing.

May 27, 1904.   Judt. for Plff. for $75. — without costs by agreet.

May 27, 1904.   Judt. satisfied.

May 27, 1904.   Plff. appeals. Time for filing bond extended to and inc. June 2, 1904, by Brown, C. J.

" From which said judgment the said Plaintiff appealed to the Superior Court, and within the time allowed to wit: June 1, 1904 at 11.20 A. M. filed a bond with surety, to prosecute said appeal at said Superior Court, to be holden at said Boston, within and for the County of Suffolk, for the transaction of civil business, on the first Monday of June 1904.

" Orsino G. Sleeper, Clerk."

*E. Greenhood,* (*D. Benshimol* with him,) for the defendants.
*P. M. Keating,* (*W. H. Sullivan* with him,) for the plaintiff.

KNOWLTON, C. J. The only question argued upon this appeal is whether there was error of law in the refusal of the Superior Court to grant the defendants' motion to dismiss the plaintiff's appeal from the decision of the municipal court. This appeal was taken from a judgment in her favor for $75, rendered on an agreement of counsel filed in the case. This was an agreement that an entry might be made as follows: ·" Judgment for the plaintiff in the sum of $75 without costs and judgment satisfied." The amended record shows that, when the agreement for judgment was presented to the clerk for filing, the plaintiff orally objected to it, in person, and that she was afterwards represented by counsel other than the attorney who signed the agreement, and that after a hearing the agreement was filed by leave of court. On the following day there was an entry of " Judgment for plaintiff for $75 without costs by agreement ", and another entry of " Judgment satisfied." From this judgment the plaintiff duly appealed.

Every party aggrieved by the judgment of a police, district or municipal court, or trial justice in a civil action, is given a right of appeal, in the broadest terms, by R. L. c. 173, § 97. This right relates as well to a judgment rendered on an agreement in writing, signed by the parties or their attorneys, as to one rendered upon a hearing upon issues founded on the pleadings. Of

course if such an agreement is so made as to be binding, it will be given effect in the Superior Court, and the appeal will be ineffectual to change the result; but if the validity of the agreement is called in question by one of the signers of it, the aggrieved party has a right to have his case considered and decided in the Superior Court. In the present case the authority of the attorney to make such an agreement was denied by the plaintiff before the agreement was filed, and it is plain that the statute gave her a right of appeal from the judgment rendered for a sum less than that which she thought herself entitled to. *Powell* v. *Turner*, 139 Mass. 97. *Jaha* v. *Belleg*, 13 Allen, 78. *Emery* v. *Seavey*, 144 Mass. 403.

The entry of " Judgment satisfied " was not a part of the judgment of the court. It was an entry of record, to be used as evidence in case there was a question about the plaintiff's right afterwards to collect the judgment. This entry had no effect upon the plaintiff's right to appeal from the judgment itself. The motion to dismiss the appeal was denied rightly.

*Judgment affirmed.*