## NELLIE STACK *vs.* JAMES O'BRIEN.

Berkshire. September 15, 1892. — November 23, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Poor Debtor — Recognizance — Jurisdiction of Magistrate.*

Under the Pub. Sts. c. 162, §§ 27, 31, as amended by the St. of 1888, c. 419, §§ 5, 7, a poor debtor's recognizance, entered into before a special justice of a district' court, which does not appear by the record to have been taken by the justice when exercising the powers and duties of the court, is void.

CONTRACT upon a poor debtor's recognizance, entered into by John O'Brien as principal, and by the defendant as surety. Trial in the Superior Court, without a jury, before *Hammond*, J., who ruled that there was a breach of the recognizance; and ordered judgment for the plaintiff. The defendant alleged exceptions, which appear in the opinion.

*H. C. Joyner*, for the defendant.

*J. F. Noxon*, for the plaintiff.

MORTON, J. It appears that the recognizance for breach of which this action is brought was taken by a special justice of the District Court of Central Berkshire. It does not appear from the record that it was taken by him while exercising the powers and duties of the court. Without considering the matter of the notice, we think this is an insuperable objection to the plaintiff's recovery.

The Pub. Sts. c. 162, § 27, provided that a poor debtor, arrested on execution (and the defendant is to be treated in

this case under the provisions of the Pub. Sts. c. 85, § 20, as one) should be "taken before some judge of a court of record, or of a police, district, or municipal court, or a master in chancery, commissioner of insolvency, or, except in the county of Suffolk, a trial justice." Under this it was held in *Gibbs* v. *Taylor*, 143 Mass. 187, that a special justice of a district court was authorized to take a recognizance from a person arrested on execution at a time when the court was not in session. Chapters 419 of the Sts. of 1888 and 415 of the Sts. of 1889, however, made important changes in the proceedings under the Pub. Sts. c. 162, in the cases of persons arrested on execution and desiring to take the poor debtor's oath. Instead of being taken before some judge of a court of record, or of a police, district, or municipal court, it is provided in the St. of 1888, c. 419, § 5, which is amendatory of the Pub. Sts. c. 162, § 27, that he " shall be taken before some court of record, or police, district, or municipal court, or, only if he wishes to recognize, a master in chancery, or, only if he wishes to recognize, a commissioner of insolvency, or, except in the county of Suffolk, a trial justice." This and other provisions of the St. of 1888, c. 419, and the St. of 1889, c. 415, render it apparent that the court as a court is to deal with the matter, and not the person who may hold the office of a judge of the court. Thus, the St. of 1888, c. 419, § 2, provides that the magistrates of courts before whom the examination named in the Pub. Sts. c. 162, § 18, may be held "shall be some court of record, or police, district, or municipal court, or, except in the county of Suffolk, some trial justice." Section 7 of the same act provides, in amendment of the Pub. Sts. c. 162, § 31, that " if the defendant or debtor, when taken before the court or magistrate, or at any time when entitled thereto, desires to take an oath, . . . and to have a time fixed therefor, some court of record, or police, district, or municipal court, or, except in the county of Suffolk, some trial justice, shall appoint a time and place for his examination, and shall issue a notice thereof to the plaintiff or creditor, signed by said justice of the court or magistrate and designating his official capacity." So far as this relates to the manner of giving the notice where the court has a clerk and a seal, it has been repealed in effect by the St. of 1889. c. 415, § 2. Section 9 also of the St. of 1888, c. 419, provides in amendment of

the Pub. Sts. c. 162, § 34, that "when the notice mentioned in section thirty-one [c. 162, Pub. Sts.] has been duly served, the court or magistrate who issued it, or any court of record, or police, district, or municipal court, or, except in the county of Suffolk, any trial justice, shall attend at the time and place therein specified," and examine the debtor. And § 13 of the same act provides that the fees shall be paid into the court, not to the judge of the court, "as for civil business, and shall be accounted for and paid by the clerk of such court, or by the justice of such court where there is no clerk, to the treasurer of the county in which such court is held." It is further provided in the St. of 1889, c. 415, § 5, that, if a debtor is arrested on execution and the court is not in session, he shall be delivered by the officer to the keeper of the jail and be detained by him till the next coming in of the court, when he shall deliver the debtor to the officer, who shall carry him before the court. Having thus provided that the court as a court shall act, the St. of 1888, c. 419, § 12, defines who may act as the court: "Any justice of any court of record, or police, district, or municipal court, and any special justice, when exercising the powers and duties of a justice of any such court, may act as such court under chapter one hundred and sixty-two of the Public Statutes, and any act amendatory thereof or supplementary thereto."

It follows, we think, from this examination, that the recognizance in this case should have been taken by the special justice when exercising the powers and duties of a justice of the District Court of Central Berkshire. There is nothing in the record which shows that such was the case. We think it should have appeared. The special justice could take the recognizance only when exercising the powers and duties of a justice of said court. His jurisdiction was dependent on that fact, and that fact not appearing, the recognizance is void. *Commonwealth* v. *Fay*, 126 Mass. 235. *Brayman* v. *Whitcomb*, 134 Mass. 525. *Commonwealth* v. *Fay*, 151 Mass. 380.

*Exceptions sustained.*