RUSSELL S. BENT *vs.* CHRISTOPHER STONE.

Middlesex.    December 12, 1902. — September 1, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Poor Debtor.    Officer.    Pleading, Civil.    Interest.*

In an action upon a poor debtor's recognizance the presiding judge in his discretion may allow the introduction in evidence of an amendment made by a special justice of a district court of the record of his court while the action on the recognizance is pending, stating that when he took the recognizance in question he was holding court in the absence of the standing justice.

In an action on a poor debtor's recognizance, if it appears by the record of a district court that four executions were issued and the debtor was arrested on the fourth, and that a certificate of arrest was made by a justice of the court and attached to the second execution, and a certified copy of that certificate was attached to the execution on which the arrest was made, and it does not appear that no oath or affidavit was made and no objection seems to have been taken by the debtor when arrested that the arrest was unlawful because there was no oath or affidavit, it may be assumed that there was an oath or affidavit which justified the certificate of arrest.

In an action against a surety on a poor debtor's recognizance, if it appears by the return of a deputy sheriff on an execution that he arrested the debtor and brought him before a certain district court where he was admitted to bail, the defendant cannot be allowed to contradict this return by showing that the deputy sheriff allowed the debtor to be taken from his custody by a constable not qualified to serve civil process and exercised no further control over him, thus permitting an escape.

A recital in a poor debtor's recognizance that the debtor has been arrested on exe-

cution by virtue of Pub. Sts. c. 162, and desires to take the oath for the relief of poor debtors, will be taken to refer to the statute as amended.

In an action upon a poor debtor's recognizance taken before a special justice of a district court, it is not necessary that the recognizance should state the facts which gave the special justice jurisdiction, or that they should be set forth in the declaration, if they appear by the record of the district court.

In an action against the surety on a poor debtor's recognizance, if the plaintiff is entitled to recover the full amount of the penalty of the recognizance he may recover interest thereon from the date of the writ.

CONTRACT against a surety on the recognizance of one John Berry, a poor debtor, taken by the first special justice of the First District Court of Eastern Worcester. Writ dated March 18, 1898.

In the Superior Court the case was tried before *Lawton,* J., without a jury. The recognizance was in the sum of $400. The plaintiff had obtained judgment against Berry for an amount in excess of this sum.

The judge ruled that the plaintiff could not recover, refused all the rulings requested by the plaintiff and found for the defendant. The plaintiff excepted, and the judge reported the case for determination by this court. If upon the evidence the judge was not justified in finding a breach of the recognizance, judgment was to be entered for the defendant. If on the evidence as it stood, or as it would stand after striking out any evidence objected to and inadmissible, the plaintiff was entitled to recover, judgment was to be entered for the plaintiff in the sum of $400, and interest from the date of the writ if the plaintiff was entitled to it; otherwise, judgment was to be entered on the finding for the defendant.

*W. R. Bigelow,* for the plaintiff.

*C. F. Choate, Jr.,* for the defendant.

MORTON, J. This is an action upon a poor debtor's recognizance. The breach relied on is that the debtor "did not appear and submit himself to examination according to the terms of said recognizance." The case was tried by a judge of the Superior Court without a jury. The answer set up amongst other things that the signature of the defendant to the recognizance was obtained by fraud and deception practised on him by the debtor, that the true nature of the recognizance was concealed from him, and that its obligation was not explained

to him; all of which, it is alleged, was fraudulently known to and consented to by the plaintiff. The judge found that no deception was practised, and that the defendant understood the nature of the recognizance. The judge also found as a fact that there had been a breach of the recognizance. At the conclusion of the whole case the judge found and ruled that the plaintiff could not recover, and refused the rulings asked for by the plaintiff, and found for the defendant.

The plaintiff duly excepted to the refusal of the judge to give the rulings requested. The case is here on a report by the presiding judge: "If upon the foregoing evidence [i. e. the evidence contained in the report] the court was not justified in finding a breach of the recognizance, judgment is to be entered for the defendant; if on the foregoing evidence as it stood, or as it would stand after striking out any evidence objected to and inadmissible, the plaintiff was entitled to recover, judgment is to be entered for the plaintiff in the sum of $400, and interest from the date of the writ if the plaintiff is entitled to it; otherwise judgment is to be entered on the finding for the defendant."

The first ruling requested by the plaintiff was that, "If the court finds that John Berry [the debtor] did not deliver himself up for examination, as required by the condition of his recognizance, then upon all the evidence the plaintiff is entitled to recover as a matter of law." This covers the whole case, and in the view which we take of the case, it is unnecessary to consider particularly the other rulings requested by the plaintiff.

Without going into the evidence in detail, we deem it enough to say that, it seems to us clear that it justified the finding that there was a breach of the recognizance. If the debtor had submitted himself for examination it is reasonable to suppose that some notice or information of that fact would have come to the knowledge of the plaintiff or his counsel or the officer holding the execution. It is a fair inference from the evidence that no such notice or information was received, and therefore that the debtor did not submit himself for examination as required.

The recognizance was taken by the first special justice of the

First District Court of Eastern Worcester at Westborough, but it does not show that it was taken by him while holding court in the absence of the standing justice. It was agreed that the only docket entries of that court in reference to the case were as follows: "Case No. 40, 1896. Russell S. Bent *v.* John Berry. July 29, 1896, ex'on filed and oath ; notice issued ret. Aug. 10, '96. Aug. 10, neither party appeared. July 14, 1897, ex'on r't'd for renewal." And relying upon *Stack* v. *O'Brien*, 157 Mass. 374, the defendant contends that the recognizance is invalid. The special justice had no authority to take the recognizance except while sitting as a court in the absence of the standing justice and that fact should appear of record. *Stack* v. *O'Brien, ubi supra. Commonwealth* v. *Fay*, 151 Mass. 380. But at a former trial the special justice had been allowed, on his motion, to amend the records of the court, as they appeared in relation to the taking of the recognizance, by stating that he was present and holding court on account of the absence of the standing justice and at his request. It was within the power of the judge to allow this amendment (*Commonwealth* v. *Carney*, 153 Mass. 444, *Commonwealth* v. *Quirk*, 155 Mass. 296, *Dewey* v. *Peeler*, 161 Mass. 135), and the record as thus amended must be taken to be the true record, and to show that the recognizance was properly taken. The special justice did not derive the power to amend the records of his court from the action of the Superior Court. As special justice he had that authority. The only effect of the motion and its allowance was to introduce the amendment into the pending case. Whether the motion should be allowed was a matter within the discretion of the presiding judge, and it must be presumed that he found that the record had been or should be amended as set forth. In addition to this there was also a certificate from Mr. Fowler, who had subsequently been appointed justice of the court, certifying to a copy of the record which contained the same things. The letter of Mr. Fowler, if offered for the purpose of contradicting the record, was inadmissible. *May* v. *Hammond*, 146 Mass. 439.

The defendant also contends that the record of the district court shows that no oath or affidavit was made which justified the issuing of a certificate of arrest. The record is imperfect in

respect to this matter as well as in respect to the issuing of the certificate. But it is agreed that four executions were issued and that the arrest was made on the fourth. It is also agreed that a certificate of arrest was made by the justice of the court and attached to the alias or second execution, and that a copy of that certificate, duly certified to by the assistant clerk of the Municipal Court of the City of Boston from which the executions issued, was attached to the execution on which the arrest was made. It does not appear that no oath or affidavit was made, and no objection seems to have been taken by the debtor when arrested, that the arrest was unlawful because there was no oath or affidavit. We think that it must be assumed that there was such an oath or affidavit. The annexing of the copy of the original certificate to the execution was in accordance with the statute. R. L. c. 168, § 20.

The defendant further contends that there had been an escape which continued at the time when the recognizance was taken and that the recognizance was invalid for that reason. In reference to this, evidence was admitted against the objection and exception of the plaintiff which tended to show the following facts. When arrested and taken before the special justice the debtor desired an opportunity to give bail. Thereupon the justice directed a constable of Westborough, who was not qualified to serve civil process, to take the debtor to an adjoining town to obtain bail, and he did so, and returned to the court room with him. Upon his return the debtor was placed in the dock and then admitted to bail. The deputy sheriff who made the arrest retained the execution all the time and was present when the justice directed the constable to take the debtor to the adjoining town to enable him to procure bail and also when the constable returned with the debtor, and the latter was placed in the dock and admitted to bail. There was testimony tending to show that after the justice had directed the constable to take the debtor into his custody and go with him to get bail, the deputy sheriff exercised no further control or restriction over the debtor, and assumed no further responsibility in reference to him. The deputy's return on the execution was as follows: " Worcester ss. January 22, A. D. 1898. By virtue of this execution and for want of goods or estate of the within named John Berry (and by

virtue of the certificate hereto annexed), I have arrested the body of the said John Berry and brought him before the First District Court of Eastern Worcester, at Westborough, and he was admitted to bail by said court. Francis D. Newton, Deputy Sheriff." It would seem that what took place constituted or might have been found to constitute an escape. *Benton* v. *Sutton,* 1 B. & P. 24. 2 Dane's Abr. 622. 3 Bacon's Abr. 396.

If the arrest had been on mesne process it might have been different. *Stevens* v. *Jackson,* 6 Taunt. 106. But the plaintiff contends that the evidence tending to show an escape was improperly admitted, and that it was inadmissible because contradicting the return. And in this we think that he is right. The return is conclusive, as between the parties and their privies, that the debtor was duly arrested and duly admitted to bail. If the defendant has any remedy, it must be in an action against the officer for a false return. *Simmons* v. *Richards,* 171 Mass. 281, and cases cited.

The recognizance is dated January 22, 1898, and recites that, "whereas, the said John Berry has been arrested on execution . . . by virtue of the one hundred and sixty-second chapter of the Public Statutes of said Commonwealth, and desires to take the oath for the relief of poor debtors. . . . Now if the said John Berry shall . . . deliver himself up for examination . . . giving notice of the time and place thereof, as in said statute provided," etc. And the defendant still further contends that the recognizance is void because taken under a statute which had been amended in particulars essentially affecting his rights and no reference is made to the amending statutes. St. 1888, c. 419. St. 1889, c. 415. But we think that the statute referred to must be taken to be the statute as amended. Pub. Sts. c. 162, had no force or effect except as amended. The amendments constituted a part of it (*Fitzgerald* v. *Lewis,* 164 Mass. 495), and the reference to the Public Statutes was sufficient. It is not contended that the statute as amended was not complied with. We have assumed, without deciding, that the amendments materially affected the defendant's rights.

It is suggested that there was a variance between the pleadings and the proof and one of the requests of the defendant was that the judge should so rule. We do not think that there was

any variance. It was not necessary that the recognizance should state the facts which gave the special justice jurisdiction, or that they should be set forth in the declaration. It was sufficient if they appeared of record (R. L. c. 160, § 41,) and they did so appear upon the amended record.

We have considered all the objections argued by the defendant and the result is that we think that the plaintiff is entitled to recover, and we do not see why he is not entitled to interest from the date of the writ. See *Whitehead* v. *Varnum*, 14 Pick. 523. In accordance with the terms of the report the entry will be judgment for the plaintiff for $400 and interest from the date of the writ.

*So ordered.*