THOMAS D. WARBURTON *vs.* SIMON GOURSE.

Bristol.    October 22, 1906. — November 26, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil.   Estoppel.   Poor Debtor.   Evidence*, Presumptions and burden of proof.

A defendant in a civil action in a police, district or municipal court by consenting to the entry of a default and a judgment against him is not estopped from appealing to the Superior Court under R. L. c. 173, § 97.

In an action upon a poor debtor's recognizance, the plaintiff put in evidence docket entries of a district court constituting the record of proceedings in that court as follows: "Hearing upon said debtor's application was begun May 3, 1905, and thereupon continued to August 3, 1905, at 9 A. M., and on August 3, 1905, was further continued to September 30, 1905, at 9 A. M., on which last date nothing was done in said proceedings between the hours of 9 and 10 o'clock A. M. At 2 minutes past 10 o'clock A. M. on September 30, 1905, the debtor first called the court's attention to his presence in court, and moved to continue the proceedings herein, but this motion was overruled." *Held*, that the entries were consistent with the assumption that the judge of the district court had been present personally during the whole of the hour that elapsed while the debtor also had been in attendance, and that it did not appear that the creditor attended either personally or by counsel, and therefore that the plaintiff did not sustain the burden of proving affirmatively that there had been a breach of the recognizance.

CONTRACT against the surety on the recognizance of one Robinson, a poor debtor.   Writ in the Second District Court of Bristol, in the City of Fall River, dated November 1, 1905.

On appeal by the defendant to the Superior Court the case was tried before *Schofield*, J., without a jury.   The plaintiff filed a motion to dismiss the appeal for want of jurisdiction, and in support of his motion produced the record of the court below, the material portion of which was as follows: " Continued to November 21, for trial, when defendant submitted and consented to a default.   November 21, defendant defaulted."   The judge denied the motion, and the plaintiff appealed.

The plaintiff then offered in evidence the record of the poor debtor proceedings in the Second District Court of Bristol, the material portion of which consisted of the recognizance, and the following:

"Bristol ss.　　　　　Second District Court of Bristol.

[L. s.]　　　　　　　　Fall River, May 1, 1905."

"To Thomas D. Warburton, Samuel Robinson, arrested on execution in your favor, desires to take the oath for the relief of poor debtors, at Second District Court May 3, 1905, at 9 o'clock A. M.

"Witness, John J. McDonough, Esquire. Given under my hand and seal of said Court, at Fall River aforesaid, this first day of May A. D. 1905.　　　　"A. B. Leonard, Clerk.

"Hearing upon said debtor's application was begun May 3, 1905, and thereupon continued to August 3, 1905, at 9 A. M., and on August 3, 1905, was further continued to September 30, 1905, at 9 A. M., on which last date nothing was done in said proceedings between the hours of 9 and 10 o'clock A. M. At 2 minutes past 10 o'clock A. M. on September 30, 1905, the debtor Samuel Robinson, first called the court's attention to his presence in court, and moved to continue the proceedings herein, but this motion was overruled."

The defendant offered oral evidence to supplement the above record, tending to show that the debtor was in the Second District Court, which was then in session, continuously from 9.30 to 10 A. M. on September 30, 1905, and to the time the motion to continue was made, in person and by his attorney, Mr. Wasserman, who during the hour from nine to ten attempted to call the court's attention to the case, but without success, and that the creditor also was present by his attorney during the hour. This evidence the judge excluded, and the defendant excepted.

The plaintiff asked the judge to make the following rulings:

1. The duty of keeping the poor debtor proceedings alive was upon the debtor throughout.

2. The court's jurisdiction was ended at the expiration of the hour of the last continuance, nothing having been done within it.

3. The debtor's failure to take any steps towards submitting himself for examination within the hour of the last continuance constituted a fatal breach of his recognizance, for which the plaintiff is entitled to recover.

4. Upon the whole record the plaintiff is entitled to recover.

The judge gave the first ruling requested by the plaintiff, but refused to give the others. He ruled that the record was consistent with the assumption of the presence of the debtor in court during the entire hour before making his motion ; that it failed to show that the creditor was present, in person or by attorney, and failed to show affirmatively a breach of the recognizance, and found for the defendant.

The judge reported the case for determination by this court. If the judge's denial of the plaintiff's motion to dismiss the appeal and his rulings and refusal to rule as requested and his finding were right, judgment was to be entered for the defendant. Otherwise the finding was to be set aside, and such judgment was to be entered or such other order was to be made as law and justice might require. If judgment was ordered for the plaintiff in the penal sum of the recognizance, namely, $400, execution was to issue for $202.32, with interest from November 1, 1905, and costs.

*F. A. Pease*, for the plaintiff.

*D. Silverstein*, for the defendant.

BRALEY, J. It is not uncommon in practice in an action pending in a district, municipal or police court for a defendant to consent to the entry of a default, but he is not thereby estopped from taking and entering an appeal from the judgment, and the motion of the plaintiff to dismiss for want of jurisdiction was properly denied. *Preston* v. *Henshaw*, 192 Mass. 34. The defendant's principal having been arrested on an execution in favor of the plaintiff entered into the recognizance provided by R. L. c. 168, § 30, and duly made application to take the oath for the relief of poor debtors. A notice of the time and place appointed for the examination having been served, the only question is whether the debtor made default at the last continuance thereby causing a breach of the recognizance. The burden of proving a breach rested upon the plaintiff, and the only evidence offered was a record the material portions of which appear in the report. *Blake* v. *Mahan*, 2 Allen, 75. *Toll* v. *Merriam*, 11 Allen, 395, 397. This brief memorandum summarizing the proceedings is more in the nature of docket entries than of a formal record, which apparently has not been made, but as these minutes contain a statement of what was done, until ex-

tended they may be considered as constituting the record itself. See *Central Bridge* v. *Lowell,* 15 Gray, 106, 122 ; *McGrath* v. *Seagrave,* 2 Allen, 443, 444. Although meagre this record must be taken as true, and cannot be enlarged or diminished by parol evidence, for if incorrect it can only be corrected by an amendment allowed by the court or magistrate of whose judicial action it purports to be a transcript. *May* v. *Hammond,* 146 Mass. 439, 441. *Bent* v. *Stone,* 184 Mass. 92, 95. It appears that upon the return of the citation an examination was begun which was adjourned to a subsequent date, and then was further continued to a definite hour. The breach, if any, occurred at the last continuance, when, as the plaintiff contends, no judicial action was taken until an hour had expired from the time fixed. *Phelps* v. *Davis,* 6 Allen, 287. It was the duty of the debtor to have a magistrate present who was competent to act, and to submit himself for examination by the creditor within this period. *Hooper* v. *Cox,* 117 Mass. 1. *Hills* v. *Jones,* 122 Mass. 412. *Chesebro* v. *Barme,* 163 Mass. 79, 84. *Damon* v. *Carrol,* 163 Mass. 404, 410. When the citation was returned it plainly appears that a hearing was begun which implies that the creditor was present opposing the debtor's discharge, and began an examination, which probably for the convenience of the parties was continued from time to time. These brief recitals are sufficient to set forth in outline the history of connected acts in a judicial inquiry, and it may be presumed that throughout the hearing the standing justice of the court was present. *Stack* v. *O'Brien,* 157 Mass. 374. *Adams* v. *Pierce,* 177 Mass. 206, 207. *Bliss* v. *Kershaw,* 180 Mass. 99, 103. *Bent* v. *Stone, ubi supra.* The plaintiff must prove that being present himself and ready to proceed the debtor was absent, and for this purpose he relies upon the recitals that " nothing was done in said proceedings between the hours of 9 and 10 o'clock A. M. At 2 minutes past 10 o'clock A. M. . . . the debtor . . . first called the court's attention to his presence in court." That something is lacking to make this record full and complete is manifest, but the citation was issued from the Second District Court of Bristol, attested by the standing justice. By St. 1874, c. 293, § 1, that court was established, and by R. L. c. 160, § 39, it is required to be always open for the transaction of civil and criminal business,

If the debtor's examination was the only case assigned for a hearing at that time it is not to be presumed that the judge sat in the court room during the entire hour without any visual perception of the debtor's attendance, or if aware of his physical presence he did not take judicial notice of the fact until the debtor spoke. Nor is such a construction reasonable upon the record. It is not only highly improbable in view of this requirement of the statute, of which we can take judicial notice, and of the presumption that public officers perform their duty, that the further examination of the debtor was the only matter that morning for judicial consideration, but the record itself fairly implies that the debtor was present in the court room although the attention of the judge had not before been specifically directed to him. *Commonwealth* v. *Jeffts*, 14 Gray, 19. *Berlin* v. *Bolton*, 10 Met. 115, 120. *Commonwealth* v. *Desmond*, 103 Mass. 445. *Commonwealth* v. *Kane*, 108 Mass. 423, 424. *Osgood* v. *Kezar*, 138 Mass. 357. The recitals that no affirmative judicial action was taken within the hour, and that the debtor first called the attention of the judge " to his presence in court " after the time had momentarily expired are not the equivalent of a judicial determination that such action could not have been taken because of the debtor's absence, or that he then had appeared for the first time. They are, moreover, consistent with the presumption found by the Superior Court that the judge himself had personally been present, while the debtor also had been in attendance during the transaction of other business, who as soon as the orderly conduct of judicial proceedings permitted addressed the court. R. L. c. 168, § 42, provides that if the creditor, or some one in his behalf, fails to attend within the hour, and the debtor is present, he is entitled to his discharge as a failure to prosecute works a discontinuance of the suit. *Longley* v. *Cleavland*, 133 Mass. 256. Upon this question the record is silent, and as it does not appear that the plaintiff attended either personally, or by counsel, his second, third and fourth requests for rulings were rightly refused, and the ruling that a breach of the recognizance had not been affirmatively proved was correct. *Toll* v. *Merriam, ubi supra. Sweetser* v. *Eaton*, 14 Allen, 157.

*Judgment for the defendant.*