MATILDA NILES *vs.* SAMUEL E. SILVERMAN & another.

Essex.   November 6, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Poor Debtor.  Evidence,* Best and secondary.  *Practice, Civil,* Amendment of record.

If, at the time, place and hour appointed in a notice given under R. L. c. 168, § 33, by a debtor, who has been arrested on execution and has entered into the recognizance prescribed by § 30 of that chapter, that he desires to take the oath for the relief of poor debtors, both the debtor and the creditor attend and, the court being in session, the matter is brought to the attention of the judge informally, the mere fact that, owing to the judge's attention being occupied by other cases being tried at the time, no formal action is taken upon the application until more than an hour has elapsed from the hour at which the notice was returnable, does not constitute a breach of the recognizance.

The proceedings before a judge or magistrate at a hearing on an application to take the oath for the relief of poor debtors can be shown only by the record. If the record does not contain all that one of the parties thinks that it should, such party should apply to the judge or magistrate to have it amended. He cannot be allowed in a collateral proceeding to introduce evidence for the purpose of varying the record.

CONTRACT for an alleged breach of a poor debtor's recognizance. Writ dated January 19, 1910.

In the Superior Court the case was heard by *Keating,* J., without a jury. The material facts are stated in the opinion. At the close of the evidence, the plaintiff asked for the following rulings:

"1. On all the evidence in the case the plaintiff is entitled to recover.

"2. The evidence shows a breach of the recognizance sued on, and the plaintiff is entitled to recover.

"3. Unless the Police Court of Lawrence made some order in the case within one hour after 10 o'clock A. M. on October 15, 1909, the time when the notice of the desire to take the poor debtor's oath was returnable, there was a breach of the recognizance.

"4. The Police Court of Lawrence had no jurisdiction to make any order in the case after the expiration of one hour from the time when the notice of the desire to take the poor debtor's oath was returnable."

The judge refused so to rule, and found for the defendants. The plaintiff alleged exceptions.

*H. J. Cole,* for the plaintiff.

*E. McAnally & C. A. Clifford,* for the defendants, were not called upon.

DE COURCY, J. One William J. Lena was arrested on an execution in favor of the plaintiff, and entered into the recognizance prescribed by R. L. c. 168, § 30, with the defendants as sureties. At the request of the principal, Lena, the Police Court of Lawrence issued a notice of his desire to take the oath for the relief of poor debtors, which notice was duly served upon the plaintiff and was returnable on the fifteenth day of October, 1909, at ten o'clock A. M.

This is an action upon the recognizance. At the trial in the Superior Court the plaintiff introduced in evidence the record of the Police Court of Lawrence, of which the part material to the issue before us is as follows: "October 15th, 1909. The debtor and creditor with their counsel were both present in the Court Room during the hour beginning with 10 o'clock A. M. The case was informally called to the attention of the presiding judge about 10 o'clock. The Court was then engaged in the trial of

other causes and made no formal order at that time. The case was reached by the presiding Judge of the Court at about 11.20 A. M., when the Judgment Debtor brought the matter to the attention of the Court; all parties being present. The attorney for the Creditor then entered a special appearance for the purpose of objection to the jurisdiction of the Court on the ground that no action had been taken in the case during the hour following 10 o'clock A. M. The Court overruled his objection and ordered the cause to be continued until January 1st, 1910, at 10 o'clock A. M. Neither the Judgment Creditor nor her attorney took any part in the proceedings after his objection to the jurisdiction had been overruled. The continuance was ordered by the Court at the request of the Debtor, it appearing that the Debtor had filed a petition in bankruptcy."

The burden was on the plaintiff to prove that there had been a breach of the recognizance. As constituting such breach she relied solely on the debtor's failure to have the Police Court take any action on his application to take the poor debtor's oath within one hour after ten o'clock A. M., the hour when the notice was returnable, and she contended that the court had no jurisdiction, after the expiration of that hour, to make any order in the case.

It has long been settled that in these poor debtor proceedings the duty is on the debtor to see that a competent magistrate attends at the time and place fixed for his examination; and one hour is allowed for the appearance of both parties after the time mentioned in the notice. If during that hour the magistrate fails to appear, his jurisdiction to act upon the notice is exhausted. *Hills* v. *Jones,* 122 Mass. 412. *Bliss* v. *Kershaw,* 180 Mass. 99, 101. To protect from default the debtor who is not responsible for the absence of the judge the statute permits him to call in another magistrate under R. L. c. 168, § 69, or to issue a new notice to the creditor under § 70. But clearly these provisions are not applicable where the debtor has present, during the time appointed, a magistrate who is competent to act.

In the case at bar the Police Court acquired jurisdiction of the debtor's application. At the beginning of the hour the case was called to the attention of the judge. He was actually engaged in the trial of other causes, some of which may have been criminal cases of persons in custody, which properly would have prece-

dence. If it became apparent before eleven o'clock that the case would not be reached until after that hour, the judge had discretionary power to postpone the examination or to continue the time fixed therefor. R. L. c. 168, § 18. No request was made for such postponement, and the case was taken up in its regular course soon after the hour and as early as the orderly conduct of judicial proceedings permitted. As was said by the court in *Niles* v. *Hancock,* 3 Met. 568, 571: "We do not think there is any inflexible rule, that every case of this kind shall be proceeded in within the hour appointed, and that, at the moment the hour expires, there is a discontinuance of all cases not then brought before the consideration of the magistrates."

We are of opinion that the evidence discloses no default by the judgment debtor. At the time and place appointed for his examination, as well as during the hour that followed and until his case was reached, he was in court ready and willing to submit to inquiry. During the entire time there was present a magistrate who was competent to act, and who acquired jurisdiction of the poor debtor process when both parties appeared during the hour. The exact time for proceeding with the hearing, in the methodical conduct of the pending business before the court, necessarily was determined by the judge, and was not within the control of the debtor. The plaintiff and her counsel were present during the entire time, and made no complaint or request with reference to an earlier hearing. No error is shown in the refusal of the judge of the Superior Court to give the rulings requested by the plaintiff, or in his finding for the defendant. *Niles* v. *Hancock, ubi supra.* *Toll* v. *Merriam,* 11 Allen, 395. *Warburton* v. *Gourse,* 193 Mass. 203.

The question of evidence raised by the plaintiff's exceptions may be disposed of briefly. If the record did not contain all that should have appeared therein, she should have made application to the Police Court to amend it, and could not control it by oral evidence. *Tufts* v. *Hancox,* 171 Mass. 148. *Bent* v. *Stone,* 184 Mass. 92.

*Exceptions overruled.*