ALBERT E. HASKELL *vs.* JAMES P. CUNNINGHAM & another.
HIRAM H. LOGAN & another *vs.* SAME.
CHARLES A. ADAMS, INCORPORATED, *vs.* GEORGE L. WEISS & another.

Suffolk.		March 3, 1915. — May 19, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Poor Debtor. Evidence,* Of judicial record, *De bene. Judgment. Practice, Civil,* Exceptions, Conduct of trial. *Words,* "Commencement."

Where a debtor after his arrest upon an execution and a certificate has entered into a recognizance in a police court under R. L. c. 168, § 30, to appear before the court and abide its final order, if the judge of another police court, before whom the debtor appears for examination on his application to that court to take the oath for the relief of poor debtors, orders his discharge, the debtor has performed the obligation of his recognizance, and, if the order of the judge was erroneous in law, this constitutes no breach of the recognizance on the part of the debtor.

Where a debtor after his arrest upon an execution and a certificate has entered into a recognizance in a police court to appear before the court and abide its final order, and thereafter makes application to another police court to take the oath for the relief of poor debtors, this properly is regarded as "the commencement" of a proceeding and it is the duty of the execution creditor under R. L. c. 168, § 74, to pay an entry fee of $3, and, if he refuses to do this, it is right for the judge of the court to refuse to allow the examination to proceed and to order the debtor discharged.

The record of a police court is conclusive and cannot be controlled by oral evidence.

Where at a trial evidence which was objected to was admitted *de bene* by the
presiding judge, and an exception was taken to its admission, this exception
to the provisional admission of the evidence cannot be sustained unless the
excepting party afterwards asked to have the evidence stricken out.

THREE ACTIONS OF CONTRACT, each against the principal and
a surety, for an alleged breach of the recognizance of a poor debtor.
Writs dated in the first case on March 20, 1913, and in the second
and third cases on April 10, 1913.

In the Superior Court the cases were tried together before *Fox,*
J., without a jury. The evidence and the course of the trial are
described in the opinion. At the close of the evidence the plain-
tiffs asked the judge to make the following rulings:

"1. On the evidence and the law the plaintiff is entitled to
recover.

"2. If the defendant Cunningham after arrest entered into
the usual poor debtor recognizance and thereafter made applica-
tion to take the poor debtor's oath and notice thereof was given
to the plaintiff, the burden of paying fees for said application for
notice is upon the defendant and not upon the plaintiff.

"3. If after recognizing with surety application to take the
poor debtor's oath was made by the defendant Cunningham
and notice thereof issued to the plaintiff and the said Cunningham
or no one in his behalf paid to the clerk fees for said application
and notice thereof and the court discharged said Cunningham
without examination because the plaintiff, after request, made
default in payment of said fees, then said Cunningham had not
complied with the terms of the poor debtor recognizance and the
surety on said recognizance is liable.

"4. If the fees for application and notice to take the poor
debtor's oath made by said Cunningham were not paid, then the
notice of said Cunningham's application to take the oath was
improperly issued and the court had no jurisdiction to order the
discharge of the said Cunningham.

"5. If said Cunningham availed himself of the order of dis-
charge made by the trial judge in his application to take the poor
debtor's oath and consented thereto, said Cunningham did not
in all respects then comply with the terms and conditions of the
poor debtor recognizance."

The judge refused to make any of these rulings and found for

the defendants. The plaintiffs alleged exceptions, it being agreed that the amount of damages for which the defendants in each case were liable, if liable at all, was the amount of the execution in that case.

*F. W. Mowatt*, for the plaintiffs.

*E. McAnally*, for the defendants.

CARROLL, J. These three cases were heard together by a judge of the Superior Court without a jury.

The debtors were arrested under R. L. c. 168, upon certificates and executions issuing from courts in Essex County other than the Police Court of Lawrence, before which court each of the debtors was taken and there entered into a recognizance under R. L. c. 168, § 30, and later made application to that court to take the oath for the relief of poor debtors.

The record of the poor debtor proceedings in the Police Court of Lawrence was in evidence and showed "the creditor by its attorney requested the debtor to be sworn and the examination to proceed on the debtor's application. The clerk then stated that the entry fee of $3 for the notice had not been paid and the court requested the creditor to pay the same, and on the creditor's refusing to pay said fee, the court refused to allow the examination to proceed and ordered the debtor discharged," the record being the same in each of the three cases, with the exception of the names of the parties. Even if there was error in demanding the fee of $3 from the creditor, and upon his refusal to pay discharging the debtor, there was no default in the recognizance. The debtor contracted to appear before the court and abide its final order. That he has done. "It is immaterial whether or not the order proceeded from an erroneous view of the law on the part of the magistrate." *Mann* v. *Cook*, 195 Mass. 440.

The order of the judge, in requiring the creditor to pay the fee established by law before examining the debtor, was in accordance with the statute. The obligation to pay the fee of $3 was upon the creditor plaintiff and not upon the debtor, and, the creditor refusing to pay it, the debtor was discharged properly. R. L. c. 168, § 74, provides, "Upon the commencement of any proceedings" relative to male debtors in police, district or municipal courts, an entry fee of $3 shall be paid, to be in payment for hearing applications for examination, continuances and the

issuing of all notices and certificates required in such proceedings. When the proceedings are not before a police, district or municipal court, but are before some other magistrate authorized to act, his fees are governed by R. L. c. 168, § 75.

Before 1891 the fees were the same in poor debtor cases whether the proceedings were before police, district and municipal courts or before other tribunals, and the plaintiff or creditor causing the arrest was obliged to pay all of these fees in advance. Pub. Sts. c. 162, § 68. In 1891 the law was changed in so far as it related to police, district and municipal courts. It was changed by doing away with the separate items as fees in these courts and directing that in such courts one fee of $3 should be paid. St. 1891, c. 313, now R. L. c. 168, § 74. The Legislature in making this change in the amount of the fee which was to be paid, did not intend to relieve the creditor of the duty of payment and this obligation remained where it was before the statute of 1891; that is to say, upon the creditor, and not upon the debtor, the only change effected by the statute of 1891 being a change in the amount of the fee to be paid, and making no change in the party upon whom rested the obligation of payment.

This is further shown by the concluding paragraph of R. L. c. 168, § 75, "If the oath is not administered, such fees shall be allowed as part of the service of the writ or execution," plainly showing that the fees for the examination were not to be paid by the debtor, and in R. L. c. 168, § 42, if the creditor makes default in the payment of fees, the debtor shall be discharged; "but if, after the oath has once been refused, the defendant or debtor again applies for the benefit thereof, the fees for such subsequent application or examination thereon shall be paid by him."

In the section of the statute relating to female poor debtors, R. L. c. 168, § 14, the petitioner is required to pay the fee of $3 and the judgment debtor is required to pay this amount if she is found to have property.

It is manifest, in the matter of the statutory regulation of proceedings against poor debtors, that the creditor would not be entitled to recover these fees under the poor debtor proceedings as a part of the costs against the debtor, if the oath for his relief was refused him, unless the creditor was by law compelled to pay these fees in advance. The fact that the creditor is entitled to recover

the sum as a part of his costs, shows that the obligation of payment is upon him, and it is also evident that the Legislature did not intend in the matter of fees, that one rule should be established for female judgment debtors and another rule for male debtors. In all cases the fees are to be paid by the creditor, in advance.

If the debtor was brought before the same court from which certificates of arrest were issued, there probably would be no question that the creditor, in making the application, would have to pay the fee. The difficulty arises in this case because the debtors recognized and appeared in another tribunal, and, while it may be contended that the fee which was paid when the arrest of the debtors was authorized covered all subsequent proceedings in that court or in any other court within the county in which the debtor was arrested, *Dalton-Ingersoll Co.* v. *Hubbard,* 174 Mass. 307, we think in a case like this, where the debtor is brought before a court other than the one to which application was made for his arrest, it is in the language of R. L. c. 168, § 74, "the commencement" of a proceeding. The fee must be paid in advance and the responsibility is upon the creditor to pay to that court where the debtor recognizes and where he is to be examined. The judge of the Police Court of Lawrence, therefore, properly demanded of the creditor the fee required by law and upon his failure to pay, the debtor was entitled to his discharge. R. L. c. 168, § 42.

The clerk of the Police Court of Lawrence was permitted to testify in contradiction of the court's records. This evidence was not admissible. A judicial record is conclusive and cannot be controlled by parol evidence. "Its allegations and facts are not the subject of contradiction. . . . No averment can be made against them, nor can they be varied by parol." *Sayles* v. *Briggs,* 4 Met. 421, 423. *Warburton* v. *Gourse,* 193 Mass. 203. *Tufts* v. *Hancox,* 171 Mass. 148. *Bent* v. *Stone,* 184 Mass. 92. *Niles* v. *Silverman,* 216 Mass. 242. But this evidence was admitted *de bene,* and therefore there was no error. When evidence is admitted *de bene esse,* it is admitted only provisionally, and the objecting party, to avail himself of his exception, must ask to have the evidence stricken out. *Doon* v. *Felton,* 203 Mass. 267.

*Exceptions overruled.*