BARRETT MANUFACTURING COMPANY *vs.* MICHAEL SHEA.

Suffolk.    November 8, 1916. — November 28, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Poor Debtor.*

Where in an action upon a poor debtor's recognizance the only material question at the trial was whether the debtor assented or objected to the naming in the recognizance of a certain district court as the court at which he should deliver himself up for examination, and where the jury found in answer to a special question submitted to them by the judge that "He did assent," it was *held* that on the evidence reported the finding was warranted, although the debtor and the defendant surety had testified to the contrary.

CONTRACT on a poor debtor's recognizance alleged to have been entered into in the Police Court of Fitchburg by John F. Crowley, the debtor, and by the defendant as surety. Writ dated June 22, 1914.

In the Superior Court the case was tried before *Bell*, J. The execution on which the debtor was arrested with the affidavit and certificate annexed thereto were described in Exhibit 1 of the record as follows:

"A Superior Court execution, Suffolk County, in favor of the plaintiff against John F. Crowley reciting a judgment on March 23rd, 1914, for $267.10 debt and $14.48 costs, dated March 24th, 1914.

"An affidavit thereon that the debtor has property not exempt from execution which he does not intend to apply to the payment of the judgment. Made May 2nd, 1914, before the Third District Court of Southern Worcester.

"A certificate of that court that there is a reasonable cause to believe that the charges made in the affidavit are true and that

the debtor has been notified to appear before said court and has neglected and refused to appear and 'satisfactory cause having been shown, said court hereby authorizes the arrest of John F. Crowley, the said debtor.' Dated May 2nd, 1914."

. The judge told the parties that there was but one point on which they could go to the jury, namely: Whether the debtor assented or objected to the naming of the Third District Court of Southern Worcester at Milford in the recognizance. No exception was taken to this statement.

The judge charged the jury as follows:

"I have been over this matter with counsel and am of the opinion that there is only one question which is open here to be decided by the jury, and this question I now give to you. 'Did the debtor, John F. Crowley, assent or object to the naming of the Third District Court of Southern Worcester at Milford in the recognizance?' Well, that means, whatever the terms of it, whether he consented that this matter should go down to Milford to be determined. That is what it means. That is all you have to decide.

"The burden of proof is upon the plaintiff to prove to you that he assented to that.

"There is no question of law, and nothing that I can help you about. I cannot tell you anything about it. It is simply a fair question of fact to be decided on the evidence. I cannot help you at all. You must decide for yourselves."

The judge submitted the following question to the jury: "Did the debtor, John F. Crowley, assent or did he object to the name of the Third District Court of Southern Worcester at Milford in the recognizance?" The jury answered, "He did assent."

The judge then ordered the jury to return a general verdict for the plaintiff, which was done.

The defendant filed a motion for a new trial. The judge denied the motion and reported the case, reserving all questions of law involved in the case for determination by this court and reporting all the evidence. If any evidence objected to was admitted wrongfully, if the rulings of law and refusals to rule or any of them were wrong, or if the denial of the defendant's motion for a new trial was wrong, the verdict was to be set aside. Other-

wise, judgment was to be entered on the verdict or such other disposition of the case was to be made as justice and equity might require.

The case was submitted on briefs.

*C. T. Flynn*, for the defendant.

*A. M. Schwarz & S. A. Dearborn*, for the plaintiff.

PIERCE, J. The record of the Third District Court of Southern Worcester is as follows:

"Preliminary Notice issued 4 April, 1914, returnable 18 April, 1914.

"Continued from 18 April, 1914, to 2 May, 1914.

"2 May, 1914, debtor defaulted, certificate of arrest authorized."

The defendant does not now controvert the record that the examination was continued from April 18, 1914, to May 2, 1914, and it is admitted that the debtor did not appear on the day to which the examination was continued. The certificate annexed to the execution was properly issued under R. L. c. 168, § 20. Moreover, it was not competent by oral evidence to contradict the record. *Tufts* v. *Hancox*, 171 Mass. 148. *Niles* v. *Silverman*, 216 Mass. 242. *Haskell* v. *Cunningham*, 221 Mass. 49, 53. The court had jurisdiction of the subject matter (R. L. c. 168) and of the party. It follows that the arrest was legal. *Everett* v. *Henderson*, 146 Mass. 89.

The exceptions taken to the admission of the execution with the affidavit and certificate annexed, as also to the admission of the extended record of the Police Court of Fitchburg, must be overruled. *McGrath* v. *Seagrave*, 2 Allen, 443, 445.

The answer of the jury, "He did assent," to the question "Did the debtor, John F. Crowley, assent or object to the naming of the Third District Court of Southern Worcester at Milford in the recognizance?" was not unwarranted. The jury saw the debtor and the defendant, and notwithstanding their testimony well may have believed that the debtor voluntarily and not through any compulsion of the judge assented to the naming of the Third District Court of Southern Worcester at Milford as the court at which he should deliver himself up for examination. The debtor did not deliver himself up in performance of the conditions of his recognizance and thereupon the obligation of the defendant became absolute.

We find no error in law in the conduct of the trial or in the rulings of the judge. It follows by the terms of the report that judgment is to be entered on the verdict.

*So ordered.*