JOSEPH G. BRYER *vs.* AMERICAN SURETY COMPANY OF NEW YORK.

Suffolk.   January 8, 1934. — February 14, 1934.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Evidence*, Court record, Extrinsic affecting writing.

Parol evidence is not admissible to amplify, modify or contradict a record of a court made in a proceeding collateral to that on trial.

CONTRACT upon a bond. Writ in the Municipal Court of the City of Boston dated July 5, 1933.

On removal to the Superior Court, the action was tried before *Morton*, J. Material evidence is described in the opinion. By order of the judge, the jury found for the plaintiff in the penal sum of the bond, $1,000. The defendant alleged exceptions.

*W. H. Shea*, for the defendant.

*J. G. Bryer*, *pro se,* submitted a brief.

RUGG, C.J.   This is an action at law in the Superior Court by the obligee against the surety on a bond.   There are recitals in the bond of the entry of a decree in the Municipal Court of the City of Boston under St. 1927, c. 334, now G. L. (Ter. Ed.) c. 224, ordering Charles W. McDermott, the principal on the bond, to pay to the obligee specified sums of money in instalments, of the filing by McDermott in the United States District Court of a suit assailing the validity of said decree and for further relief, and of a stipulation that a bond be given to the defendant in that suit in the penal sum of $1,000 to secure payment of accruing instalments under the decree.   The condition of the bond is that if McDermott and the surety company, the present defendant, shall pay the amount, if any, due from McDermott by virtue of the said decree, the bond shall be void; otherwise, in full force and effect.   A certified copy of the final decree of the United States District Court entered in February, 1933, was in evidence to the effect that the bill was dismissed. Copies of the docket entries and of the decree of the Municipal Court of the City of Boston in the original proceeding, and of demand made on the defendant surety in June, 1933, were in evidence.   The defendant admitted that no payment had been made, either on the bond or by McDermott, of the money thereby called for.

The defendant offered by examination of two clerks in that court to show that the record of the Municipal Court, as shown by the copies, was the result of elimination, obliteration, and eradication of the original entries and was thus tampered with and altered without any judicial sanction whatsoever and was suggested by opposing counsel and was not true.   The defendant's exception to the exclusion of this offer presents the only question for decision.

The evidence was excluded rightly.   The record of a court imports verity.   No parol evidence is admissible to amplify, modify, or contradict it in any collateral proceeding.   *Wells v. Stevens,* 2 Gray, 115.   *Cook v. Berth,* 108 Mass. 73, 76. *Balch v. Shaw,* 7 Cush. 282, 284.   *May v. Hammond,* 146 Mass. 439, 441.   *Cote v. New England Navigation Co.* 213 Mass. 177, 179.   *Haskell v. Cunningham,* 221 Mass. 49, 53.

*McKeon* v. *Briggs*, 233 Mass. 99, 102. Appropriate proceedings to correct mistakes or errors in such records are inherent in the court in which they are alleged to have occurred. *Hall* v. *Maloney*, 269 Mass. 228. *Webb* v. *Cohen*, 280 Mass. 292, 293. But the record as finally made up must be taken to speak the truth and cannot be varied by evidence. If the record of the court was untrue, the defendant had ample means to secure its correction. The Municipal Court had plenary power at the suggestion of the present defendant, or of its own motion, or at the instance of a party in interest, to make its records conform to the truth. *Bent* v. *Stone*, 184 Mass. 92, 95. *Warburton* v. *Gourse*, 193 Mass. 203, 206. *Malaguti* v. *Rosen*, 262 Mass. 555, 566.

*Exceptions overruled.*