SARAH M. TOY *vs.* SADIE GREEN & another.

Suffolk.    January 10, 1946. — March 26, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Supplementary Proceedings. Bond,* Appeal recognizance, In supplementary proceedings. *Practice, Civil,* Appeal from District Court to Superior Court. *Superior Court,* Jurisdiction. *Evidence,* Court record, Extrinsic affecting writing. *District Court,* Court record. *Fraudulent Conveyance. Fraud.*

That the creditor in supplementary proceedings gave the recognizance necessary to the jurisdiction of the Superior Court on the creditor's appeal from a judgment of not guilty on a charge of fraud in the District Court was sufficiently shown by a docket entry of the District Court stating "Creditor recognizes with . . . [named persons] as sureties," and by an "Extended memorandum of recognizance" printed in the record in this court and reciting at length an examination and acceptance of the sureties and that they and the creditor "acknowledge themselves . . . indebted to" the debtor for a stated amount for performance of the condition specified in G. L. (Ter. Ed.) c. 224, § 19.

Facts shown by the record of a District Court cannot be contradicted by parol evidence.

One recognizance might properly be given to two debtors on an appeal to the Superior Court by a creditor from judgments of not guilty on charges of fraud made in supplementary proceedings against both debtors in a District Court.

The filing of "a copy of all the proceedings on said charges" required by G. L. (Ter. Ed.) c. 224, § 19, on appeal to the Superior Court from a judgment on charges of fraud made in supplementary proceedings in a District Court is merely a term of the appellant's recognizance and is not essential to the jurisdiction of the Superior Court.

The mere facts, that a wife, at a time when she and her husband were indebted to a third person, without consideration conveyed to a corporation real estate belonging to the husband but standing of record in her name and that the husband joined in the deed to release "all rights of tenancy by the curtesy and other interests therein," would not warrant a finding of guilty as to either of them on charges of fraud made by their creditor against them in supplementary proceedings; but further evidence that the husband, upon being asked why he did not pay the creditor, had said "she [the creditor] will never get it. I transferred . . . the property . . . to the" corporation, warranted a finding of guilty as to him.

SUPPLEMENTARY PROCEEDINGS in the Municipal Court of the Dorchester District of the City of Boston.

Proceedings respecting charges of fraud are described in the opinion. The first motions to dismiss in the Superior Court were heard by *Morton*, J., and the case was heard on the merits by *Dowd*, J.

*J. C. Johnston*, for the debtor Sadie Green.

*J. Friedberg*, for the debtor Morris Green.

*B. L. Grossman*, for the creditor.

WILKINS, J. The plaintiff recovered judgment against the defendants Sadie Green and Morris Green, who are husband and wife, for a balance due on notes for money lent. Thereafter the plaintiff instituted supplementary proceedings against both defendants in the Municipal Court of the Dorchester District of the City of Boston. G. L. (Ter. Ed.) c. 224, § 14. Pending those proceedings she alleged as to each defendant "charges that since the debt was contracted or the cause of action accrued, the defendant or debtor has fraudulently conveyed, concealed or otherwise disposed of the whole or part of his property with intent to secure it to his own use or to defraud his creditors in that certain parcels of real estate were transferred without adequate consideration." G. L. (Ter. Ed.) c. 224, § 19, First. A special justice of the Municipal Court found the defendants not guilty. The plaintiff appealed to the Superior Court, where the defendants filed motions to dismiss for lack of jurisdiction. A judge denied the motions, and the defendants claimed exceptions. The case was tried before another judge, and the motions to dismiss were renewed and denied. The judge refused a request of each defendant for a ruling that upon the evidence there should be a finding of not guilty, and found the defendants guilty. The defendants excepted.

1. We first consider the motions to dismiss. The governing statute provides: "A party aggrieved by a judgment . . . may appeal therefrom to the superior court in the same manner as from a judgment of a district court in civil actions. If the plaintiff or creditor appeals, he shall before allowance thereof recognize with sufficient sureties to enter and prosecute his appeal, to file therewith a copy of all the

proceedings on said charges, and to pay all costs if judgment is not reversed." G. L. (Ter. Ed.) c. 224, § 19. Compliance with the requirement that the creditor recognize with sufficient sureties was essential to the jurisdiction of the Superior Court. *Clearwater Laundry Co. Inc. v. Wiley,* 310 Mass. 255, 256. See *Little* v. *Mathews,* 317 Mass. 422, 423. We assume that the recognizance is void if the record of the Municipal Court does not show that it was taken before a justice of that court when exercising his powers and duties as such. *Stack* v. *O'Brien,* 157 Mass. 374, 376. *Bent* v. *Stone,* 184 Mass. 92, 95.

The docket in the Municipal Court showed the following: "December 16, 1943 Hearing finished D. A. Rose, Special Justice. Debtor Sadie Green found Not Guilty. Debtor Morris Green found Not Guilty. Appeal of Creditor as to Sadie Green filed. Appeal of Creditor as to Morris Green filed. $100 — January term. Creditor recognizes with Dora Tatelman and Anna Baker as sureties." Even if no formal entry was made, these entries might be considered as constituting the record itself. *Warburton* v. *Gourse,* 193 Mass. 203, 205–206.

We are not called upon, however, to decide any question upon the docket entries alone, because the printed record in this court also contains what is entitled, "Extended memorandum of recognizance for judgment debtor [*sic*], on appeal from finding of guilty [*sic*], to Superior Court under G. L. Chap. 224 as amended by Chap. 334 Acts of 1927." This document bears the caption of the Municipal Court of the Dorchester District and reads: "On this sixteenth day of December in the year of our Lord nineteen hundred and forty-three, personally appeared before the said Court . . . Sarah M. Toy the judgment debtor [*sic*] named in a writ of execution bearing date the fifth day of April A. D. 1941 . . . upon a judgment which Sarah M. Toy . . . recovered against the judgment debtors . . . ; and whereas supplementary proceedings were begun on said judgment, and are now pending, and Dora Tatelman and Anna Baker being personally present examined on oath and being deemed sufficient are accepted as sureties and thereupon,

they the said Sarah M. Toy as principal, and the said Dora Tatelman and Anna Baker as sureties, acknowledge themselves to be jointly and severally indebted to Sadie Green and Morris Green, alias M. Green the aforementioned judgment debtors, in the sum of one hundred dollars . . . if default be made in the performance of the condition hereunder written, to wit: That whereas Sarah M. Toy the said creditor has made and filed in the said Court certain charges of fraud . . . and judgment thereon is rendered by the said Court that said Sadie Green and Morris Green . . . are each not guilty of the said charges. And the said Sarah M. Toy judgment creditor appeals to the Superior Court next to be held at the said Boston within and for the said County of Suffolk on the first Monday of January A. D. 1944 Now if the said Sarah M. Toy judgment creditor shall enter and prosecute her appeal with effect and produce at the said Superior Court so appealed to a copy of all the proceedings upon the said charges and pay all costs if judgment is not reversed; and if the said Sarah M. Toy judgment creditor shall in all respects, observe, perform and keep the said condition, then this recognizance to be void, otherwise to be and abide in full force. Witness, Richard M. Walsh, Esquire, at the Dorchester District of Boston, aforesaid, the sixteenth day of December in the year of our Lord one thousand nine hundred and forty-three. Frederick E. Simmons, Assistant Clerk.''

We cannot accept the contention of the defendants that the foregoing paper was not the record of the proceedings in the Municipal Court. ''The character of a pleading or other paper put upon the files of the court must be determined from its essential substance and not from the title, name or description attached to it.'' *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 328. Here the statute (G. L. [Ter. Ed.] c. 224, § 19) contemplated that the substance of the contents of the paper should be available in the Superior Court in the event of appeal.

At the hearing on the motions to dismiss, the defendants called as witnesses Dora Tatelman; the special justice who

found the defendants not guilty; and the second assistant clerk of the Municipal Court. Their testimony was, in brief, that the special justice set the penal sum of the recognizance at $100 in favor·of each defendant; that neither the plaintiff nor the two sureties recognized before the special justice or before anyone; and that the sureties did no more than to appear in the clerk's office and to make a sworn statement of assets and liabilities. The judge in the Superior Court "made the following entry": "The record of the proceedings in the district court certify [*sic*] that the plaintiff appealed and recognized with sureties to prosecute her appeal. In denying the motion[s] to dismiss I rule that the record is conclusive — and I gave no consideration to the evidence to the contrary given by the justice who heard the case and the assistant clerk of the court." The defendants excepted.

The judge was correct in ruling that parol evidence could not serve to contradict the record of the proceedings in the Municipal Court. "No principle is more firmly established than that which excludes oral testimony when offered to vary or contradict written judicial records. The record of a court of competent jurisdiction imports incontrovertible verity, as to all the proceedings which it sets forth as having taken place, and is of so high a nature that no averment can be made against it." *Wells* v. *Stevens*, 2 Gray, 115, 117. *Bryer* v. *American Surety Co.* 285 Mass. 336, 337, and cases cited. We think that the defendants could not be heard to say that the plaintiff did not recognize with sufficient sureties, or that separate recognizances should have been given by the plaintiff to each defendant. There is nothing in the statute which invalidates one recognizance given jointly and severally to two defendants. Enough appears of record to show that the statutory requirements were fully met.

There is nothing in the defendants' argument based upon an alleged failure to file "a copy of all the proceedings." The filing of such copies is made merely a term of the recognizance and is not a condition precedent to jurisdiction in the Superior Court. G. L. (Ter. Ed.) c. 224, § 19.

2. We next consider the denial of the requests that there

should be findings of not guilty. The bills of exceptions contain a summary of the evidence and general findings of guilty. We cannot give heed to certain findings which the plaintiff in her brief says were made by the judge, but which are not included in the bills of exceptions. *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 48, 51, and cases cited. But the general findings are conclusive if supported by any evidence, including all reasonable inferences of which the evidence is susceptible. *Bridges* v. *Hart*, 302 Mass. 239, 242. *Haney* v. *Beaton*, 314 Mass. 677, 679. *First National Stores Inc.* v. *H. P. Welch Co.* 316 Mass. 147, 149.

The judge could have found these facts. In 1937 the plaintiff lent $2,000 to the defendants, receiving promissory notes on which a balance of $1,600 was unpaid. While negotiating the loan in their house on Adams Street, Dorchester, the defendants told the plaintiff that they could make repayment because they had real estate on Seaver Street, Roxbury, on Commonwealth Avenue, Boston, and in South Boston, in which there was an equity of $100,000 and from which they had "a big income," "a big collection every month"; and that the real estate belonged to the defendant Morris Green but stood of record in the name of the defendant Sadie Green. In 1939 the defendant Sadie Green without consideration conveyed the real estate to Parkview Realty Corporation by deeds in which the defendant Morris Green joined to release "all rights of tenancy by the curtesy and other interests therein". Parkview was incorporated in 1939 with one hundred shares of capital stock, of which ninety-eight shares were owned by Samuel Green (but stood in the name of one Rose Bukoff) and one share each by William Green and Arthur Green, all sons of the defendant Morris Green and stepsons of the defendant Sadie Green. The shares had been paid for as follows: ninety-five shares for equities in real estate at 180–184 Seaver Street, and 213 and 233 Commonwealth Avenue; one share for machinery; and four shares for equipment. William Green was president, and Arthur Green treasurer. Samuel Green formerly was an officer and director. Neither defendant at any time apparently held any

office or owned any stock. At the time of the hearing Parkview owned the real estate at 213 Commonwealth Avenue and 233 Commonwealth Avenue, Boston, 180–184 Seaver Street, Roxbury, 53 Adams Street, Dorchester, and 6 Hecla Street, Dorchester, which was managed by William Green, who was a professional musician, and by the defendant Morris Green.

Certain testimony of Barney Meshon, a former business associate of the defendant Morris Green, was admitted in evidence against that defendant only. In 1940 Meshon asked the defendant Morris Green, "Why don't you do right and pay the poor woman?" and received the reply, "I will never pay because that property don't belong to me. I gave it to my wife." Later in 1940 Meshon asked, "Is that the way to do? There is a poor woman. Give her the $2,000. Why don't you pay the poor woman?" To this the defendant Morris Green responded, "She will never get it. I transferred to my wife the property and some of it to the Parkview." The real estate was already in the name of the wife at the time of the loan, and the charge of fraud is confined to the period "since the debt was contracted or the cause of action accrued." The transfer to Parkview is the only one here pertinent.

Fraud, which is generally a question of fact, is never presumed but must be proved by the party who relies upon it. *Barron* v. *International Trust Co.* 184 Mass. 440, 443. *Brown* v. *Little, Brown & Co. (Inc.)* 269 Mass. 102, 117. *Kerrigan* v. *Fortunato,* 304 Mass. 617, 620. *Mason* v. *Wylde,* 308 Mass. 268, 282–283. This rule applies where a conveyance is without consideration. "A voluntary conveyance is not per se fraudulent as against creditors. No doubt, such a conveyance by a person who was deeply in debt, especially of a large and substantial portion of his estate, would be very strong evidence of a fraudulent intent. But such deed is not necessarily void. Whether it be so or not is a question of fact, to be determined on all the circumstances connected with the making of the grant, tending to show that it would have the effect of impairing the rights of creditors. But it would be quite essential to show that the grantor was in-

debted beyond his means of payment remaining after the conveyance." *Thacher* v. *Phinney*, 7 Allen, 146, 150. "The ordinary rule is that where one deeply in debt or insolvent, by a voluntary conveyance puts his property out of the reach of his creditors, he is presumed to intend the natural consequence of that act, which is to defeat, defraud, hinder and delay his creditors. *Gray* v. *Chase*, 184 Mass. 444." *Briggs* v. *Sanford*, 219 Mass. 572, 574. *Parkman* v. *Welch*, 19 Pick. 231, 235–236. *Winchester* v. *Charter*, 12 Allen, 606, 609–611. *Jaquith* v. *Massachusetts Baptist Convention*, 172 Mass. 439, 446. *Dorr* v. *Tracy*, 248 Mass. 201, 205. *MacNeil* v. *MacNeil*, 312 Mass. 183, 186.

Apart from the Meshon testimony, there was no evidence of fraud against either defendant. It did not appear as of the time the real estate was conveyed to Parkview what were the obligations of the defendant Sadie Green or whether she had other assets, much less that she was deeply in debt or insolvent. The finding of guilty against the defendant Sadie Green, therefore, cannot stand. We think, however, that, while meager, the statements which, the judge could find, the defendant Morris Green made to Meshon permitted the inference that his conveyance of the real estate to Parkview, while the notes to the plaintiff were outstanding, left him indebted beyond his probable means of payment. The contention that the conveyance was that of the wife and not of the husband is not sound. The defendant Morris Green joined in the execution of the deeds, an essential act in transferring good marketable title. The judge could have found that the defendant Morris Green was the sole beneficial owner of the real estate. By the deeds he released "all rights of tenancy by the curtesy and other interests therein." The finding of guilty as to him must stand.

It follows that the exceptions of both defendants as to the rulings on their motions to dismiss for lack of jurisdiction are overruled, and that as to the denial of the requests for a finding of not guilty the exceptions of the defendant Morris Green are overruled and those of the defendant Sadie Green are sustained.

*So ordered.*