Morris Green vs. Clerk of the Municipal Court of the Dorchester District of the City of Boston.

Suffolk.   May 7, 1947. — June 25, 1947.

Present: Field, C.J., Lummus, Dolan, Ronan, & Spalding, JJ.

*District Court*, Record. *Jurisdiction*, Court record. *Mandamus.*

The Superior Court has no jurisdiction of a mandamus proceeding to compel the correction of an erroneous record of a District Court.

Petition for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on April 17, 1946, and afterwards amended.

On April 29, 1946, the case was transferred to the Superior Court, where it was heard by *Williams*, J.

*J. C. Johnston*, for the petitioner.

*B. L. Grossman*, for the respondent.

Dolan, J.   This petition for a writ of mandamus comes before us upon the report of the judge of the Superior Court who ruled that he had no jurisdiction to order the correction by the respondent clerk of the Municipal Court of the Dorchester District of the record of that court, described hereinafter, and ordered that the petition be dismissed.

The judge found that the following facts were admitted by the respondent's answer: "1. . . . The respondent, Anthony A. McNulty, is the clerk of the Municipal Court of the Dorchester District of the City of Boston in our County of Suffolk.   2. . . . On or about the 16th day of April, 1941, one Sarah M. Toy of Boston made application for supplementary proceedings against . . . [the] petitioner in said court under the provisions of c. 224 of the General Laws and acts amendatory thereof.   3. . . . Thereafter, on or about the 13th day of November, 1941, the said Sarah M. Toy filed charges of fraud under the provisions of § 19 of said act as to Morris Green setting

forth that . . . [the] petitioner had fraudulently conveyed, concealed or otherwise disposed of the whole or part of his property with intent to secure it to his own use or to defraud his creditors.    4. . . . Thereafter . . . [the] petitioner, after hearing on said charges, was found not guilty thereof by said court, and the judgment creditor thereupon appealed from said finding.   5. . . . Thereafter, on the 16th day of December, 1943, the respondent made the following entry upon the record of said court, to wit: 'Creditor recognizes with Dora Tatelman and Anna Baker as sureties,' and did further on the said day make an extended memorandum of recognizance, a copy of which is hereto annexed and marked exhibit A, wherein the respondent set forth that Dora Tatelman and Anna Baker having been deemed sufficient were accepted as sureties on said recognizance with Sarah M. Toy as principal, and that said principal and sureties were personally present and acknowledged themselves to be jointly and severally indebted to the petitioner and another judgment debtor in said proceedings in the sum of $100, and thereafter, on or about the first Monday of January, 1944, transmitted said record to the Superior Court for the County of Suffolk."

The report of the judge continues as follows: "I find that the petitioner, Morris Green, was found not guilty on charges of fraud by Judge D. A. Rose on December 16, 1943.   The finding was made shortly after 11:00 A.M.   The creditor, Sarah M. Toy, thereupon appealed from the finding.   The creditor and one surety then went into the clerk's office and conferred with Frederick E. Simmons, assistant clerk of the court.   The creditor was advised by the clerk that two sureties were needed to perfect a proper recognizance in connection with an appeal to the Superior Court. After consultation with Judge Rose, the matter, so far as entering into a recognizance was concerned, was continued until two o'clock.   The court adjourned at twelve forty-five for the day.   At two o'clock the creditor brought two sureties to the court house, Dora Tatelman and Anna Baker.   The creditor remained outside, and the two sureties came before Jennie Thurlow, the second assistant clerk.

Jacob Friedberg, attorney for the debtor, was present and made no objection to the proceedings. The sureties were examined by Mrs. Thurlow and made a statement under oath as to their assets and liabilities. Court was not in session. Judge Rose was not present. The creditor was not present, and the sureties did not in fact acknowledge themselves to be jointly and severally indebted to the petitioner. I find no recognizance was entered into by the creditor and two sureties. An entry was made on the docket of the clerk that 'creditor recognizes with Dora Tatelman and Anna Baker as sureties.' An extended memorandum of recognizance for the judgment debtor was also entered on the docket as set forth in exhibit A, attached to the petitioner's amended petition. I find that these entries are erroneous and do not correctly state the facts. On December 30, 1943, a motion of the debtor, Morris Green, to vacate the creditor's appeal was 'denied without prejudice to the defendant's right to present the same motion to the Superior Court' by the judge of the Dorchester Court. On January 12, 1944, a motion to dismiss the creditor's appeal was filed in the Superior Court. This motion was denied . . . on February 3, 1944. Thereafter, after a judgment entered against the petitioner in behalf of the creditor in the Superior Court, the case was appealed to the Supreme Judicial Court. On March 26, 1946, the exceptions of the defendant Morris Green were overruled by the Supreme Judicial Court. The case is reported in 319 Mass. at page 354 [*Toy* v. *Green*]. Thereafter, on April 17, 1946, the present petition was filed. Supplementary docket entries of the Dorchester Court are correctly set forth in exhibit A of the respondent's answer. Other docket entries of that court, and the record of the further proceedings are correctly set forth in exhibit 1, the petitioner's bill of exceptions filed in the Supreme Judicial Court. The entries begin on page 13. I find that the petitioner has not been guilty of laches, and that the record is erroneous. I rule, that . . . I have no jurisdiction to order the correction of the record in the Municipal Court of the Dorchester District. I therefore order that the

petition be dismissed. . . . I now report the question of law involved in the above ruling to the Supreme Judicial Court for determination. If I was in error, the case is to be remanded to the Superior Court for further proceedings. If I was correct in said ruling, such ruling is to be made as justice and equity may require."

The exhibits referred to in the report were expressly incorporated therein by reference. An examination of them discloses that on April 1, 1946, the petitioner filed in the Municipal Court of the Dorchester District, here-inafter referred to as the District Court, the following "motion to amend record. And now come the judgment debtors, Morris Green and Sadie Green and in order that the record may conform to the true facts, move to amend the record and the extended memorandum on recognizance (1) By striking out the entry under date of December 16, 1943, 'Creditor recognizes with Dora Tatelman and Anna Baker as sureties'; (2) By striking out the 'extended memorandum on recognizance' and inserting in place thereof the following: 'December 16, 1943, 2 P.M. Dora Tatelman and Anna Baker presented themselves to the second assistant clerk of court, the court having adjourned and no justice being present, and neither creditor nor debtors being present, and offered themselves as sureties for Sarah M. Toy, judgment creditor, and thereupon were examined by the second assistant clerk with reference to their assets and liabilities and signed and swore to a statement thereof.'" This motion was heard on April 1, 1946, by the presiding judge of that court who reserved decision; on April 3, 1946, he denied that motion; and on April 12, 1946, the judge entered the following order on the same motion: "Motion denied because of length of time involved and independently of the facts." The docket of that court concerning the proceedings there involved contains no entry following that of the denial on April 12, 1946, of the motion to amend. The record of a court imports verity. *Bryer* v. *American Surety Co.* 285 Mass. 336, 337, and cases cited. See also *Haskell* v. *Cunningham,* 221 Mass. 49, 53.

It is settled that "There is an inherent and necessary power in a court of justice acting on the motion of an interested party, at the suggestion of one not a party, or on its own motion to correct errors and remedy omissions in its records in order that they shall speak the truth." *Webb v. Cohen,* 280 Mass. 292, 293. *Allen* v. *Moushegian,* 320 Mass. 746, 755–756. This is a plenary power. *Chagnon* v. *Chagnon,* 300 Mass. 309, 311–312, and cases cited. The District Court has plenary power to correct its records to conform to the truth in appropriate proceedings, a power "inherent in the court in which they are alleged to have occurred." *Bryer* v. *American Surety Co.* 285 Mass. 336, 338. *Merrill* v. *Kaulback,* 158 Mass. 328, 329. *Farris* v. *St. Paul's Baptist Church,* 220 Mass. 356, 359. The record of the District Court discloses that the petitioner here, who had no choice of courts, invoked that power of the District Court by presenting thereto and having heard therein and determined his motion set out above for amendment of its record in the proceeding there involved, that after hearing the motion was denied, that the petitioner here sought no relief from that action, and that, if he thought that action was tainted by error in any essential particular, — an issue with which neither the court below was nor this court is concerned in this proceeding, — he took no steps to correct it. The adjudications of inferior tribunals of matters within their jurisdiction in the exercise of the power confided in them cannot be revised in proceedings for a writ of mandamus. *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162, 164. See cases cited in 35 Am. Jur., Mandamus, § 258. The petitioner is bound by the order entered in the District Court denying his motion to amend its record. It follows that the ruling of the judge in the present case that he did not have jurisdiction to order the correction of the record in the District Court and his order that the petition be dismissed were right.

*Order for judgment dismissing petition affirmed.*