PEABODY PROPERTIES, INC. *vs.* FRANK SHERMAN.

Essex. March 8, 1994. - August 16, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Housing. Fair Housing Act. Landlord and Tenant,* Eviction. *Controlled Substances. Practice, Criminal,* Admission to sufficient facts to warrant finding. *Words,* "Handicap," "Reasonable accommodation."

In a summary process action, the record of a handicapped tenant's conduct, including his admission to sufficient facts on a complaint charging possession of marihuana with intent to distribute and his subsequently engaging in illegal drug activity just prior to the hearing of the summary process action, demonstrated the tenant's "current, illegal use" of drugs within the meaning of the Fair Housing Act, 42 U.S.C. § 3602 (h), such that the landlord had authority to terminate the tenancy under the terms of the lease because of the tenant's illegal drug activity [605-608]: "reasonable accommodation" of a tenant's handicap, required by the act, does not extend to requiring the landlord to permit the sale of illegal drugs on his property [608-609]. O'CONNOR, J., concurring. LIACOS, C.J., dissenting.

SUMMARY PROCESS. Complaint filed in the Lawrence Division of the District Court Department on April 5, 1991.

After appeal to the Superior Court Department, the case was transferred to the Northeast Division of the Housing Court Department and heard by *David D. Kerman,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Kevin G. McIntyre* (*Charles S. Mancuso* with him) for the plaintiff.

*Gary Rothberger* (*James Breslauer* with him) for the defendant.

NOLAN, J. We reverse the judgment of the Housing Court for reasons set forth below.

The plaintiff (landlord) served a notice of termination of tenancy on the defendant (tenant) dated March 13, 1991, and initiated a summary process action against him on April 5, 1991, based on the tenant's alleged illegal drug activity on the premises. A judgment was entered for the landlord in the District Court and the tenant first appealed to the Superior Court and then filed a notice of transfer to the Housing Court.[1] The case was transferred to the Housing Court resulting in an order withholding judgment for possession and continuing the case for one year subject to certain stipulations. Some months later a judgment for the tenant was entered from which the landlord appeals. We transferred the case to this court on our own motion.

We learn from the judge's findings that, in 1982, the tenant suffered a spinal cord injury which left him a quadriplegic. Since that time he has resided at the premises involved in this case, which is a federally subsidized project for the elderly and handicapped. It is administered by the Massachusetts Housing Finance Agency. The tenant is subsidized through the "Section 8" rental assistance program of the United States Department of Housing and Urban Development.

On September 10, 1990, police executed a search warrant at the tenant's apartment and seized 153.6 grams of marihuana enclosed in eighteen plastic bags together with $306 in cash and assorted drug paraphernalia. The tenant was charged with possession with the intent to distribute a controlled substance. On February 15, 1991, the tenant admitted to sufficient facts to warrant a finding of guilty. He was found guilty and given a suspended sentence of six months in a house of correction. On December 13, 1990, the police again entered the tenant's apartment pursuant to a warrant and seized 6.54 grams of marihuana and a gram scale. On or about February 1, 1992, the tenant offered a marihuana cig-

---

[1]On the result we reach we need not decide whether the tenant's notice of transfer to the Housing Court was timely. See Rule 4 of the Uniform Summary Process Rules (1994).

arette to a security guard employed by the landlord. No criminal charges were brought concerning the latter two incidents.

Because of the tenant's drug activity, the landlord, on March 13, 1991, served a notice of termination on the tenant and initiated this summary process action. The judge found that, at the time of the hearing, the tenant had a marihuana dependency although he was no longer involved with illegal drugs. The judge further found that the tenant had used marihuana because of his belief that it would relieve his spasticity resulting from his spinal cord injury and that he was participating in a supervised rehabilitation program to treat his dependency.

The judge ruled that both the tenant's drug dependency and paralysis constitute "handicap[s]" under the Fair Housing Amendments Act of 1988 (Fair Housing Act), 42 U.S.C. § 3602 (1988). The judge correctly noted that, if not for the tenant's handicap status, the landlord's right to evict the tenant would be clear pursuant to the provisions of the lease agreement and G. L. c. 139, § 19 (1992 ed.).[2] However, finding that the tenant was no longer involved in illegal drugs and was participating in a supervised rehabilitation program, the judge ruled that, under the Fair Housing Act, 42 U.S.C § 3604 (f), the tenant was entitled to "reasonable accommodation" and withheld possession from the landlord. For the following reasons, we reverse.

The Fair Housing Act provides that it is unlawful to discriminate, in the sale or rental of a dwelling and in other activities related thereto, against a person because of a handicap. 42 U.S.C. § 3604 (f)(2). Discrimination under that statute includes the "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604

---

[2]Under the terms of the lease, the landlord was expressly permitted to evict the tenant if the tenant engaged in illegal drug use on the premises. Moreover, G. L. c. 139, § 19 (1992 ed.), permits the landlord to take such action.

(f)(3)(B). The term "handicap" is defined as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602 (h). However, "handicap" does not include "current, illegal use of or addiction to a controlled substance." *Id.*

It is clear that the tenant's paralysis constitutes a "handicap" under § 3602 (h). See *Pulcinella* v. *Ridley Township*, 822 F. Supp. 204, 207-208 (E.D. Pa. 1993). Further the tenant's drug dependency together with his participation in a drug rehabilitation program also constitutes a "handicap." See *Edmunds* v. *Washington State Bldg. Code Council*, 18 F.3d 802, 804 (9th Cir. 1994); *United States* v. *Southern Management Corp.*, 955 F.2d 914, 919 (4th Cir. 1992). Thus, the landlord could not discriminate against the tenant for two reasons.

The tenant's handicap of drug dependency does not extend to his "current, illegal use of or addiction to a controlled substance," 42 U.S.C. § 3602 (h), but does protect an addict who is participating in a supervised rehabilitation program and who is no longer using illegal drugs. *United States* v. *Southern Management Corp.*, *supra* at 922. The judge concluded that the exclusion in § 3602 (h) did not apply because the tenant, at the time of the hearing, was undergoing drug treatment and had ceased using illegal drugs. The landlord asserts that the judge erred in concluding that the tenant's illegal use was not "current" under § 3602 (h). We agree. This case does not raise the issue of personal use of a controlled substance. This matter concerns a tenant who possessed a controlled substance with intent to distribute and offered to distribute a controlled substance to a security guard. The defendant's conduct as to these matters was "current."

The landlord brought the action for summary process approximately one month after the tenant admitted to sufficient facts to a complaint charging him with possession of 153.6 grams of marihuana with intent to distribute. An admission

to sufficient facts is equivalent to a plea of guilty.[3] See *Commonwealth* v. *Duquette*, 386 Mass. 834, 841 (1982). "The defendant's guilty plea and any other admissions made during the plea-taking colloquy with the judge are admissible as evidence in the civil litigation." *Aetna Casualty & Sur. Co.* v. *Niziolek*, 395 Mass. 737, 750 (1985). Thus, there was evidence that the tenant was engaging in the "current, illegal use" of drugs and therefore, not protected by the Fair Housing Act. See 42 U.S.C. § 3602 (h)(3). "This view comports with the legislative purpose of ensuring that rehabilitated or rehabilitating individuals are not discriminated against on the basis of past substance abuse." *Teahan* v. *Metro-North Commuter R.R.*, 951 F.2d 511, 518 (2d Cir. 1991), cert. denied, 113 S. Ct. 54 (1992).

The landlord commenced eviction proceedings not as retroactive punishment for past substance abuse, but on the basis of a one month old conviction of possession with intent to distribute. The current use provision was "not intended to be limited to persons who use drugs on the day of, or within a matter of days or weeks before, the action in question." *Id.*, quoting H.R. Conf. Rep. No. 596, 101st Cong., 2d Sess. 87 (1990), reprinted in 1990 U.S.C.C.A.N. 267, 596. In this case, the tenant's conviction "occurred recently enough to justify a reasonable belief that [his] drug [activity was] current." *Id.* Further, there is no question that the tenant's subsequent illegal activity,[4] just prior to the second trial, showed "current" illegal drug activity. Pursuant to the terms of the lease, the landlord had the authority to terminate the lease

---

[3]The tenant now argues that he never intended to distribute drugs, but merely admitted to sufficient facts in order to obtain a favorable disposition from the court. The landlord was entitled to rely on the District Court record of the tenant's conviction in seeking summary process. See *Green* v. *Clerk of the Municipal Court of the Dorchester Dist. of Boston*, 321 Mass. 487, 490 (1947) ("The record of a court imports verity").

[4]The judge allowed the landlord's request for a finding that "[o]n or about February 3, 1992, [the tenant] offered to provide marijuana to Benny Chucks, a security guard employed by Pentucket Patrol"; and that, "[o]n or about February 3, 1992, [the tenant] showed Mr. Chucks marijuana which he kept in a jar in his apartment."

because of the tenant's drug activities. See *Boston Hous. Auth.* v. *Guirola*, 410 Mass. 820, 830 (1991). See also G. L. c. 139, §§ 19, 20.

By requiring landlords to provide "reasonable accommodation," Congress intended to prohibit discrimination against individuals on the basis of a handicap. A "reasonable accommodation" is one which would not impose an undue hardship or burden on the entity making the accommodation. See *Majors* v. *Housing Auth. of DeKalb*, 652 F.2d 454, 457 (5th Cir. 1981). See also *United States* v. *Marshall*, 787 F. Supp. 872, 878 (W.D. Wis. 1991). "Reasonable accommodation" does not require a landlord to permit the sale of illegal drugs on his property. See 42 U.S.C. § 3607 (b)(4).[5] Cf. *Taub* v. *Frank*, 957 F.2d 8, 11 (1st Cir. 1992) (Rehabilitation Act may protect an employee who possesses heroin, but does not protect an employee who possesses heroin for *distribution*; "reasonable accommodation" does not mandate that an employer offer drug rehabilitation before commencing criminal investigation for distribution of illegal drugs).

It is not reasonable, as the dissent suggests, to require landlords to inspect for illegal drugs. The function of ferreting out illegal drug activity is for law enforcement personnel, not landlords. It also is not reasonable to expect the landlord to vet the tenant's personal care attendants.[6] Nor is it reasonable to expect the landlord to investigate every visitor. Simply put, the conditions placed on the landlord were not reasonable because they did not relate to housing matters. Rather, the conditions made the landlord responsible for nonhousing matters. Reasonable accommodation by a landlord

---

[5] Section 3607 (b)(4) provides: "Nothing in this subchapter prohibits conduct against a person because such person has been convicted by any court of competent jurisdiction of the illegal manufacture or distribution of a controlled substance as defined in section 802 of Title 21."

[6] It does not appear that the landlord would qualify as a party with access to information regarding the criminal history of the tenant's attendants or visitors. See G. L. c. 6, § 172 (1992 ed.).

requires that a landlord reasonably accommodate a tenant's housing needs.

*Judgment reversed.*


O'CONNOR, J. (concurring). Title 42 U.S.C. § 3604 (f) (2) (1988) provides that, in connection with the rental of housing, it is unlawful for a landlord to discriminate against a person with a handicap. Title 42 U.S.C. § 3602 (h) (1988) defines "handicap" as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance (as defined in section 802 of title 21)." Thus, the statute recognizes that a person who has suffered from addiction to a controlled substance may, on that account alone, have a recognized and protected handicap if he or she is in recovery — that is, if he or she is not a "current" user.

The court announces its agreement with the landlord's argument that the judge erred in concluding that the tenant was not a "current" drug user despite the fact that he was drug-free at the time of the trial and was enrolled in a rehabilitation program. The court makes that announcement even though it appears to recognize that "[t]his case does not raise the issue of personal use of a controlled substance[,] . . . [but rather] concerns a tenant who possessed a controlled substance with intent to distribute." *Ante* at 606. Then, noting that the tenant had effectively pleaded guilty to a charge of possession of a controlled substance with intent to distribute and had offered a marihuana cigarette to a security guard, the court concludes that "there was evidence that the tenant was engaging in the 'current, illegal use' of drugs," *ante* at 607, and that the tenant's "distribution activities" were "current," as though use and distribution activity were interchangeable terms. *Ante* at 607. In my view, the court

makes two errors: it improperly substitutes itself for the trial judge as fact finder on the question whether the tenant is a "current" drug user, and it incorrectly suggests that use and distribution of a controlled substance are one and the same thing for purposes of 42 U.S.C. § 3602 (h).

The judge's finding that the tenant was not a "current" drug user should stand. The cases of *Teahan* v. *Metro-North Commuter R.R.*, 951 F.2d 511 (2d Cir. 1991), cert. denied, 113 S. Ct. 54 (1992), and *United States* v. *Southern Management Corp.*, 955 F.2d 914 (4th Cir. 1992), make clear that one of Congress's purposes in enacting the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 et seq., was to encourage substance abusers to seek treatment and regain control of their lives, and not to punish past drug use. Based on those cases, the judge was fully warranted in finding that the tenant was not a "current" user of drugs and in concluding that his earlier addiction constituted a "handicap," entitling him to statutory protection.

In addition, the tenant had another handicap, quadriplegia. Surely, whether he was a current user of controlled substances or not, that handicap alone entitled him to protection against discrimination as provided by the Fair Housing Act.

The tenant is entitled, by 42 U.S.C. § 3604, to protection against discrimination on account of either or both handicaps, past addiction and quadriplegia. A landlord's refusal reasonably to accommodate a tenant's handicap is discriminatory. 42 U.S.C. § 3604 (f) (3) (B). The critical question in this case, then, is whether the defendant tenant has a statutory right to accommodation in the form of a continuing landlord-tenant relationship despite his conviction for possession of a controlled substance with intent to distribute. As the court notes, *ante* at 607, "The landlord commenced eviction proceedings not as retroactive punishment for past substance abuse, but on the basis of a one month old conviction of possession with intent to distribute." As the court also recognizes, with appropriate statutory and case references, " '[r]easonable accommodation' does not require a landlord

to permit the sale of illegal drugs on his property." *Ante* at 608 & n.5. The result is that the plaintiff landlord has not discriminated against the defendant tenant because of either of his handicaps. The landlord is entitled to evict the tenant because the tenant was engaged in drug distribution. However, whether the tenant's distribution activity was "current" or not is of no consequence. The current use provision of 42 U.S.C. § 3602 (h), by its terms, concerns use, not distribution. To the extent the court considers whether the tenant's distribution activity is "current," it either confuses distribution with use or incorrectly applies the current use provision of 42 U.S.C. § 3602 (h) beyond its terms.

Since I agree with the court that " '[r]easonable accommodation' does not require a landlord to permit the sale of illegal drugs on his property," *ante* at 608, it follows that I agree with the court's reversal of the judgment below. I write separately because I do not agree with the court's conclusion that the judge erred in finding that the tenant was not a current user and is handicapped by reason of his past addiction, and I disagree with the court's failure to keep distinct from one another the concepts of use and distribution. The court's discussion has the potential, in my view, seriously to interfere in this Commonwealth with Congress's effort to encourage substance abusers to overcome their addictions. In that regard, I share what I perceive to be the Chief Justice's concern as expressed in his dissenting opinion.

LIACOS, C.J. (dissenting). In his decision of June 26, 1992, a judge in the Housing Court noted that the defendant was a quadriplegic and that, because of this handicap, the defendant's rent payments were subsidized by the Federal government. The judge then stated that the defendant was entitled to "reasonable accommodation," citing the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604 (f) (1988) (Fair Housing Act), and the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1988 & Supp. IV 1992).

The Fair Housing Act provides that it is unlawful to discriminate, in the sale or rental of a dwelling and in other activities related thereto, against a person because of a handicap. 42 U.S.C. § 3604 (1988). "Discrimination" under that statute includes the "refusal to make *reasonable accommodations* in rules, policies, practices, or services" (emphasis supplied). 42 U.S.C. § 3604 (f)(3)(B). It appears that, although the judge cited both the Fair Housing Act and the Rehabilitation Act in finding that the defendant was entitled to "reasonable accommodations," his actual authority for this finding was solely the above-quoted language from the Fair Housing Act, 42 U.S.C. § 3604 (f)(3)(B).

The defendant's paralysis constitutes a "handicap" within the definition of that word in the Fair Housing Act, 42 U.S.C. § 3602 (h) (1988). See *Pulcinella* v. *Ridley Township*, 822 F. Supp. 204, 207-208 (E.D. Pa. 1993) (discussing definition of "handicap" under 42 U.S.C. § 3602 [h], which relates to 42 U.S.C. § 3604 [f]). The Fair Housing Act excludes from the definition of "handicap" the current, illegal use of drugs, but it does not exclude necessarily from its protection a current user of illegal drugs who has some other handicap. Thus, while the defendant could not argue that current drug use constituted a handicap under the Fair Housing Act,[1] he still had a handicap because he was a quadriplegic.

The court recognizes that the drug dependency of a currently drug-free individual coupled with that individual's participation in a rehabilitation program may constitute a handicap entitling the individual to protection under the Fair Housing Act. The court suggests, and I tend to agree, that distribution of illegal drugs is not a handicap entitling one to protection of the Fair Housing Act.

I do not dispute that certain provisions of the lease agreement between the plaintiff and the defendant and G. L.

---

[1] I note that the trial judge found that at the time of trial the defendant was not involved with illegal drugs and had enrolled in a rehabilitation program.

c. 139, § 19 (1992 ed.), both provided the plaintiff grounds on which to bring a summary process action against the defendant based on his drug possession. Nevertheless, the Fair Housing Act, a Federal statute which this court is bound to uphold and which preempts State law, see the supremacy clause of art. 6 of the United States Constitution, requires that the defendant receive reasonable accommodations because of his quadriplegia.[2] The court seems to ignore the supremacy clause in its decision today. The defendant is entitled, under the Fair Housing Act, to a reasonable accommodation, if such exists.

The Housing Court judge credited the defendant's testimony that he was drug-free at the time of trial and was enrolled in a rehabilitation program. In that light, the Housing Court judge afforded the defendant a reasonable accommodation because of his quadriplegia, but also took into account the defendant's drug activity.[3] The judge withheld ordering possession for the landlord but imposed several strict conditions on the defendant's continued occupancy: (1) continuance in drug counselling, (2) periodic urinalysis screening for drug use, (3) permit the landlord to inspect the premises for illegal drugs, (4) permit the landlord to participate in hiring defendant's personal care attendants, (5) admit only visitors with prior approval of the landlord or the Housing Court, and (6) report monthly as a probationer to the housing specialist of the Housing Court. If the defendant violates these conditions, the landlord will get possession.

---

[2]There may be no "reasonable accommodation" that can be provided to a particular drug user. In this case, however, the Housing Court judge implicitly found that there was a possible reasonable accommodation that could be afforded to the defendant. This included the imposition of several strict conditions on the defendant, violation of which would result in the landlord's regaining possession of the apartment. See *infra* at 613.

[3]The judge wrote that "the accommodation to which this defendant is entitled is only 'reasonable accommodation.' It would not be reasonable for this landlord to suffer any further episodes of drug abuse or related misbehavior, nor would it be reasonable for the landlord to suffer the defendant's continued occupancy without reasonable terms and conditions of probation."

I believe, as did the Housing Court judge, that the order withholding possession for the landlord, with strict conditions imposed on the defendant, was a reasonable accommodation. We should not reverse the findings of the Housing Court judge unless they are clearly erroneous. Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974). *Perez* v. *Boston Hous. Auth.*, 379 Mass. 703, 705 (1980). I do not believe that the court has demonstrated in its opinion that the findings of the judge were clearly erroneous. Instead, the court has expressed its view of the evidence presented below; a view which happens to differ from the view taken by the trial judge.

I believe that there was no showing in this case that the accommodations that the judge provided in his order were not reasonable, and so I would affirm that order. The view taken by the court today means that the defendant tenant is to be evicted and makes it likely that he will become a homeless person with no incentive to remain drug-free and in rehabilitation. Such a result is hardly consonant with the intention of Congress. Accordingly, I dissent.